Rosemary C. MOGGE and Office Employees' International Union, Local 28, AFL–CIO, Plaintiffs-Appellants,

v.

DISTRICT NO. 8, INTERNATIONAL ASSOCIATION OF MACHINISTS, AFL–CIO, Defendant-Appellee.

No. 16304.

United States Court of Appeals Seventh Circuit.

Dec. 26, 1967.

Rehearing Denied Jan. 23, 1968.

---

Barnabas F. Sears, James N. Kosmond, Chicago, Ill., Boodell, Sears, Sugrue & Crowley, Chicago, Ill., of counsel, for appellants.

Sheldon M. Charone, Sherman Carmell, Chicago, Ill., Carmell & Charone, Chicago, Ill., of counsel, for appellee.

Before CASTLE, SWYGERT and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

This action is brought under Section 301(a) of the Labor-Management Relations Act of 1947 [1] by Mrs. Mogge and her union, Local 28,[2] to recover damages for her discharge by another union, her employer.[3]

In August 1950, Mrs. Mogge was employed by District No. 8 as a stenographer-secretary for two days a week. In early 1951 she commenced working three days a week; in the spring of 1952, she started working on a five-day basis. In

---

1. Section 301(a) provides (29 U.S.C. § 185(a)):

    "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

2. Office Employees' International Union, Local 28, AFL-CIO.

3. District No. 8, International Association of Machinists, AFL-CIO.

February 1963, Mrs. Mogge took a six-month maternity leave of absence. Upon her August 1963 return, she worked on a three-day basis.

Since July 1945, James G. McDonald was Directing Business Representative of District No. 8. He resigned in February 1965. At the request of the Council of District No. 8, the Grand Lodge of the International Association of Machinists assumed supervision of the District and Eugene Glover became its Deputy Supervisor.

On April 5, 1965, Glover instructed Mrs. Mogge to report to work five days a week commencing with the week of April 12th. She insisted that she had the right to work only three days a week under the terms of a January 2, 1964, collective bargaining agreement between Local 28 and District No. 8. At this juncture, Mrs. Mogge reported the impasse to Sara Keenan, the business representative of Local 28. Miss Keenan requested a meeting with Mr. Glover. After an April 12 conference attended by Mrs. Mogge, Miss Keenan, Mr. Glover and George Gray of District No. 8, Glover advised Miss Keenan that Mrs. Mogge's grievance was denied, on the ground that there had been no violation of the collective bargaining contract.

Mrs. Mogge's refusal to work five days a week resulted in her discharge on April 13. On that day, Local 28 requested District No. 8 to arbitrate the discharge under Article XIII of the collective bargaining agreement. District No. 8 refused, asserting that no binding collective bargaining agreement was in existence. This suit followed.

About two months after the complaint was filed, District No. 8 filed a motion to dismiss the complaint on the ground that the collective bargaining agreement had not been submitted to its Council and therefore was not binding. In the alternative, District No. 8 requested that the proceedings be stayed pending arbitration. The plaintiffs filed a cross-motion for summary judgment, seeking to establish the validity of the collective bargaining agreement between the two unions.

The District Court granted District No. 8's motion to stay the proceedings pending arbitration and held that the collective bargaining agreement was valid. The court reasoned that because District No. 8's denial of the validity of the agreement was not unreasonable, it had not repudiated its promise to arbitrate. District No. 8 has not cross-appealed from the decision upholding the agreement.

As noted, District No. 8 refused arbitration on the ground that the collective bargaining agreement was invalid for want of approval by its Council.[4] Before arbitration could be ordered pursuant to the agreement, it was imperative for the District Court to determine its validity. John Wiley & Sons v. Livingston, 376 U.S. 543, 547, 84 S.Ct. 909, 11 L.Ed.2d 898. The District Court's determination that the contract is valid is unchallenged. However, plaintiffs refuse to honor Article XIII, the arbitration clause, contending that District No. 8 waived its arbitration rights by its earlier refusal to arbitrate.

As seen, the District Court concluded that District No. 8's contest of the validity of the collective bargaining agreement "was not unreasonable." We agree. District No. 8 demonstrated that the agreement was never approved by the District Council and that Mrs. Mogge knew of the District's procedures requiring Council approval of matters of importance. This was sufficient to raise a good faith doubt as to the validity of the agreement. Hamilton Foundry & Machine Co. v. International Molders & Foundry Workers, 193 F.2d 209, 214–215 (6th Cir. 1951), certiorari denied, 343 U.S. 966, 72 S.Ct. 1060, 96 L.Ed. 1363. District No. 8 had the right to a judicial determination of the threshold question of validity before being required to proceed with arbitration. Since District No. 8 had a plausible ground for challenging the validity of the collective bargaining agreement, its refusal to arbitrate until

---

4. District No. 8 also contested the execution date of the contract.

that question could be determined did not constitute a waiver of arbitration. See Drake Bakeries Inc. v. Local 50 American Bakery and Confectionary Workers, 370 U.S. 254, 262–263, 82 S.Ct. 1346, 8 L.Ed.2d 474. As contra, plaintiffs rely on 6A Corbin on Contracts § 1443, but the author was referring to waiver of arbitration caused by wrongful repudiation of a contract. Idem at p. 434; see also note 7, infra. If District No. 8's grounds were patently untenable or clearly wrong as in the cases relied on by plaintiffs, its refusal to arbitrate would of course have waived the arbitration provisions of the contract.

■ District No. 8 did not seek to have the merits of the dispute resolved by the District Court. At the time of its first pleading, District No. 8 challenged the validity of the contract and, alternatively, sought arbitration. Under Drake Bakeries Inc. v. Local 50, American Bakery and Confectionary Workers, 370 U.S. 254, 266–267, 82 S.Ct. 1346, 8 L.Ed.2d 474, the request for arbitration did not come too late. Nor can it be concluded that the request for arbitration fails because it was pleaded as an alternative to the motion to dismiss. In Genesco, Inc. v. Joint Council 13, United Shoe Workers, 341 F.2d 482 (2d Cir. 1965), an employer sued a union for breach of a no-strike clause in a collective bargaining contract. The union filed a motion to dismiss on the ground that under the agreement the dispute should be arbitrated, but it also attempted to reserve its right to challenge the validity of the contract. The court held (at p. 484):

"Since the contract pleaded by the employer had an arbitration clause, the union was entitled to raise the question whether an action was not barred by its very terms, while reserving the right to deny the existence of the contract if the court decided adversely, * * *."

The same result should apply where, as here, a defendant first seeks a ruling on validity and requests arbitration in the alternative.

■ Finally, plaintiffs assert that arbitration is improper because District No. 8 is in default within the meaning of § 3 of the United States Arbitration Act.[5] District No. 8's argument that the United States Arbitration Act is inapplicable is foreclosed in this Circuit by Pietro Scalzitti v. International Union of Operating Engineers, 351 F.2d 576, 579–580 (7th Cir. 1965). Section 3 of the Act was construed in Kulukundis Shipping Co., S/A v. Amtorg Trading Corp., 126 F.2d 978 (2d Cir. 1942).[6] There the court approved defendant's alternative pleading denying the existence of the contract but otherwise praying for arbitration. Since the District Court's finding that District No. 8's challenge of the contract's validity was "not unreasonable" has support in the record, we hold there was no default in proceeding with arbitration within the meaning of § 3 of the United States Arbitration Act.[7] If plaintiff's view were adopted that Dis-

5. Section 3 provides (9 U.S.C. § 3):
"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. * * *."

6. Kulukundis was cited with approval in Drake Bakeries Inc. v. Local 50 American Bakery and Confectionary Workers, 370 U.S. 254, 262, 82 S.Ct. 1346, 8 L.Ed. 2d 474, note 9.

7. In Kulukundis, Judge Frank does state that the default provision of § 3 of the United States Arbitration Act applies to "a party who, when requested, has refused to go to arbitration" (126 F.2d at p. 989), but an earlier passage from the opinion, citing 6 Williston on Contracts (Rev.Ed.1938, § 1921), shows that the reference was to wrongful refusals to arbitrate (idem at p. 988).

trict No. 8 should have proceeded with arbitration forthwith, it might have lost the right to challenge the validity of the agreement. Lewis v. Kerns, 175 F.Supp. 115 (S.D.Ind.1959). Yet the *Kulukundis* opinion itself recognizes that a defendant should not be foreclosed from denying the validity of a collective bargaining agreement before arbitration.

The judgment is affirmed.