PER CURIAM.
NDK Corporation appeals the district court’s dismissal, based on lack of jurisdiction, of NDK’s complaint seeking rescission of a collective bargaining agreement and a stay of arbitration proceedings. We affirm the judgment of the district court.
NDK Corporation, a retail food store, entered into a collective bargaining agreement with defendant Local 1550 of the United Food & Commercial Workers International Union (the union) which by its term was effective for March 1, 1981 to February 29,1984. On July 19 and July 22, 1982 the union invoked the arbitration provision of the contract, demanding arbitration of grievances involving rates of pay, sick days, and vacation pay. On August 19, 1982 NDK brought this action in the district court seeking rescission of the collective bargaining agreement and a stay of arbitration proceedings. NDK alleged that the collective bargaining agreement was procured by fraud because the union had falsely represented to NDK that the union would not attempt to enforce the agreement.
Jurisdiction was asserted under § 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185(a)(1976), which reads in pertinent part: “Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties .... ” (Emphasis added.) The union filed a motion to dismiss pursuant to Fed.R. Civ.P. 12(b)(1) alleging a lack of subject matter jurisdiction. The union argued that § 301 applies to violations of contracts, but not to suits determining the validity of contracts. The union also argued that the National Labor Relations Board had exclusive jurisdiction. On December 1, 1982 the district court granted the union’s motion to dismiss on the basis that § 301 does not cover suits for determining the validity of contracts.
NDK then filed a motion to amend its complaint to add a count seeking a declaratory judgment that if the collective bargaining agreement was invald NDK would not have to pay money to the union’s pension fund pursuant to the collective bargaining agreement. The district court denied the motion for leave to amend. NDK appeals the dismissal and the denial of its motion for leave to amend its complaint.
While the case was pending in the district court the union filed unfair labor practice charges against NDK with the National Labor Relations Board for NDK’s refusal to arbitrate. The N.L.R.B. has filed a complaint charging NDK with unfair labor practices. A hearing before the N.L.R.B. on the complaint is scheduled for July 11, 1983. Also, NDK filed an action in state court three weeks after the district court dismissed its complaint.
Our analysis begins with the language of the statute which NDK argues provides the district court with subject matter jurisdiction. Section 301 grants jurisdiction to district courts for “[sjuits involving violation of contracts.” The statute on its face refers only to suits for violation of contracts, and not to suits to determine whether a particular document is a valid contract. The next question is whether we should interpret the statute broadly.
NDK argues that our decision in Mogge v. District No. 8, 387 F.2d 880 (7th Cir.1967), cert. denied, 391 U.S. 936, 88 S.Ct. 1849, 20 L.Ed.2d 855 (1968), requires a broad reading of § 301. In that case, Mrs. Mogge and her union brought an action against Mogge’s employer seeking damages for her discharge. Mogge argued that her discharge was in violation of the collective bargaining agreement. The employer had refused to submit to arbitration on the ground that the collective bargaining agreement was invalid because it had not been approved by its council. The employer sought to have the district court dismiss the complaint on the basis that the collective bargaining agreement was invalid and, alternatively, to stay court proceedings pending arbitration. The district court found the collective bargaining agreement was valid and then stayed court proceedings pending arbitra *493 tion under the collective bargaining agreement. The plaintiffs appealed the stay of the court proceedings, arguing that the employer had waived its right to arbitration. The Seventh Circuit affirmed the district court, holding that the employer “had the right to a judicial determination of the threshold question of validity before being required to proceed with arbitration.” Id. at 882.
NDK argues that it has a right to a judicial determination of the threshold question of the contract’s validity just as the employer in Mogge had such a right. However, Mogge differs from the instant case in several substantial respects. First and foremost, the plaintiffs in Mogge brought a suit alleging a violation of a valid contract, which is within the language of § 301. NDK did not bring a suit alleging a violation of a valid contract. Second, the statement by the court in Mogge that the employer had a right to a judicial determination of the threshold question of the contract’s validity was unrelated to the jurisdiction of the court. The parties in Mogge did not question the district court’s jurisdiction to determine the validity of the contract. Id. at 882. The “right” to which the court referred was simply a right to have a determination of validity without being deemed to have waived arbitration proceedings. Third, the validity question in Mogge was merely a threshold question which had to be determined before the court could decide if there was a violation of the contract. In the instant case the validity is the ultimate issue. Finally, NDK misstates the facts of Mogge in its brief when it says that the employer in Mogge sought a stay of arbitration proceedings. In fact, the employer sought a stay of court proceedings pending arbitration, distinguishing it from the instant case where NDK is asking for a stay of arbitration pending court proceedings.
In short, Mogge provides no support for NDK’s position. We will therefore adhere to the plain language of § 301 and hold that it provides jurisdiction for suits for violation of contracts but not for determinations of the validity of contracts where validity is the ultimate issue. Our position is consistent with that of the First Circuit. Hernandez v. National Packing Co., 455 F.2d 1252, 1253 (1st Cir.1972). Because of our conclusion that there is no basis for jurisdiction in the federal courts, we need not consider the union’s alternative argument that the N.L.R.B.’s jurisdiction is exclusive.
Finally, we find no error in the district court denying NDK leave to amend its complaint to seek a declaration that it did not have to contribute to the pension fund if the collective bargaining agreement was invalid. The amendment would have done nothing to cure the jurisdictional defect because the amendment alleged invalidity of the contract. NDK argues that it had an absolute right to amend its pleading under Fed.R.Civ.P. 15(a). However, we can see no purpose in allowing NDK to amend its complaint only to have the amended complaint dismissed for lack of jurisdiction.
The judgment of the district court is affirmed.