790 F.2d 1421
 123 L.R.R.M. (BNA) 2101, 104 Lab.Cas. P 11,971,
5 Fed.R.Serv.3d 833
 HUETTIG & SCHROMM, INC., Plaintiff-Appellant,
v.
The LANDSCAPE CONTRACTORS COUNCIL OF NORTHERN CALIFORNIA;
and Operating Engineers Local Union No. 3,
International Union of Operating
Engineers, AFL-CIO,
Defendants-Appellees.
 No. 84-1973.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 14, 1985.
Decided June 3, 1986.
 
 Arthur R. Miller, Cambridge, Mass., for plaintiff-appellant.
 Joe R. McGray, San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before: HUG and SKOPIL, Circuit Judges, and CURTIS,* District judge.
 HUG, Circuit Judge:
 
 
 1
 This is an action brought by an employer under section 301 of the Labor-Management Relations Act, 29 U.S.C. Sec. 185 (1982), against a union and a multi-employer association. The association had entered into a collective bargaining agreement with the union that bound the employer and other members of the employer association. The complaint contended that the employer association had not been authorized to conclude an agreement binding the employer, and sought general, special, and punitive damages against both the union and the employer association resulting from execution of the collective bargaining agreement. Upon motion of the union, the district court dismissed the action against the union with prejudice and awarded attorneys' fees to the union under Fed.R.Civ.P. 11. The action against the employer association was dismissed without prejudice pursuant to the stipulation of the parties. The employer appeals the dismissal with prejudice against the union and the award of attorneys' fees.
 
 
 2
 The issues are (1) whether there was subject matter jurisdiction under section 301, (2) whether the employer stated a claim against the union, and (3) whether Rule 11 sanctions were appropriate.
 
 I.
 FACTS
 
 3
 Huettig & Schromm, Inc. ("H & S") is an employer that is engaged in the general contracting business and was a member of a multi-employer bargaining association, the Landscape Contractors Council of Northern California ("Council"). The Council concluded a collective bargaining agreement with Operating Engineers Local Union No. 3 ("Local 3"). H & S contended that the Council had no authority to execute a collective bargaining agreement on its behalf. H & S therefore repudiated the collective bargaining agreement and refused to submit to an audit by Local 3 concerning benefit contributions. Local 3 then filed an unfair labor practice charge with the National Labor Relations Board ("NLRB"), a complaint was issued, and the case was heard by an administrative law judge ("ALJ"). The ALJ concluded that the Council had authority to execute the collective bargaining agreement and that H & S was bound thereby. The NLRB adopted the ALJ's findings and proposed order, which were unopposed by H & S. Upon application for summary enforcement by the NLRB to the Ninth Circuit Court of Appeals, we issued an order directing H & S to honor the collective bargaining agreement and to make whole all of its employees in the appropriate bargaining unit for any loss in wages and benefits due to its failure to give effect to the terms of the agreement.
 
 
 4
 Local 3 conducted an audit and notified H & S that it owed trust fund contributions for benefits due employees under the collective bargaining agreement. H & S then filed this action. The complaint set forth five causes of action. Each stated a different legal theory for recovery of the same damages. H & S prayed for damages as follows:
 
 
 5
 1. For general damages in an as yet unascertained sum;
 
 
 6
 2. For special damages in an as yet unascertained sum, such special damages being dependent upon any future liability incurred by Plaintiff Huettig & Schromm, as a result of lawsuits and administrative actions by Defendant Local 3 and its Trust Fund or any other actions brought as a result of the Defendants' execution of the collective bargaining agreement.
 
 
 7
 3. For punitive damages in the sum of $1,000,000;4. For costs of suit and attorneys' fees incurred in defending against any lawsuits and administrative actions brought by Local No. 3 or its Trust Fund;
 
 
 8
 5. For costs of suit and attorneys' fees incurred herein; and
 
 
 9
 6. For such other relief as the Court may deem just and proper.
 
 
 10
 Federal jurisdiction was based on section 301 of the Labor-Management Relations Act, 29 U.S.C. Sec. 185. The complaint stated that the first cause of action is one arising under the terms of a collective bargaining agreement subject to the Act, and that the second through the fifth causes of action were based on pendent jurisdiction.
 
 
 11
 In the first cause of action, H & S sought to recover damages resulting from H & S's own breach of the collective bargaining agreement. In the second cause of action, H & S sought damages based on allegedly fraudulent conduct of the Council in executing the collective bargaining agreement on behalf of H & S. The third cause of action was based on alleged negligent misrepresentation by the Council. The fourth cause of action was based on alleged breach of fiduciary duty by the Council. The fifth cause of action alleged negligent supervision of its agents by the Council and negligence by Local 3 in relying upon the Council's apparent or ostensible authority to execute the agreement on H & S's behalf.
 
 II.
 ANALYSIS
 A. Federal Subject Matter Jurisdiction
 
 12
 Petitioner H & S concedes that only the first cause of action can be characterized as stating a federal claim. It requests compensation from the Council and Local 3 for damages resulting from H & S's own breach of the collective bargaining agreement with Local 3. The first cause of action stated in an introductory paragraph:
 
 
 13
 Plaintiff, Huettig & Schromm, brings this action pursuant to Section 301 of the Labor-Management Relations Act ... to recover damages resulting from its alleged breach of a collective bargaining agreement.
 
 
 14
 The allegations of the first cause of action then outlined the contacts with the employers association, the execution of the collective bargaining agreement, and the ultimate ruling by the NLRB and this court that H & S was bound thereby.
 
 
 15
 The concluding paragraphs of the first cause stated:
 
 XXV
 
 16
 Pursuant to the above-mentioned NLRB ruling, Plaintiff Huettig & Schromm has been required to submit to audits of its records by Defendant Local No. 3 to determine if, pursuant to the collective bargaining agreement, any Trust Fund contributions are due.
 
 XXVI
 
 17
 Because of this audit, the alleged results thereof and other breaches of the collective bargaining agreement alleged by Local No. 3, Plaintiff has been damaged, and will continue to be damaged, in an amount not yet fully determined and to be proven in this Court.
 
 
 18
 We first consider whether the allegations of the first cause of action were sufficient to invoke the jurisdiction of the federal court and, if so, whether it stated a claim for relief.
 
 Section 301(a) reads as follows:
 
 19
 Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
 
 
 20
 29 U.S.C. Sec. 185(a) (1982). The district court found that the portions of the first cause of action cited above did not constitute a legitimate section 301 claim, stating:
 
 
 21
 [Section 301] grants federal courts jurisdiction over actions alleging violations of contracts between an employer and a labor organization or between labor organizations. Although Section 301 is not to be given a narrow reading, Smith v. Evening News Association, 371 U.S. 195, 199, [83 S.Ct. 267, 269, 9 L.Ed.2d 246] (1962), the present action clearly falls outside the scope of the statute. Section 301 jurisdiction extends to claims concerning the validity, construction, or enforcement of collective bargaining agreements. Plaintiff's attempt so to characterize its claim is totally baseless. Plaintiff is seeking damages for its own breach rather than a breach by another party. Since plaintiff fails to state a substantial federal claim, this Court lacks subject matter jurisdiction. Bell v. Hood, 327 U.S. 678, 682-83 [66 S.Ct. 773, 776, 90 L.Ed. 939] (1946).
 
 
 22
 Huettig & Schromm, Inc. v. Landscape Contractors Council, 582 F.Supp. 1519, 1521 (N.D.Cal.1984). The district court concluded that even though the claim was brought under section 301, it was so insubstantial as to fail to meet the requisites of federal subject matter jurisdiction. However, the district court went on to rule (presumably that if there were jurisdiction) that the first cause of action failed to state a claim for relief and dismissed the claim on the merits. Where subject matter jurisdiction is lacking, a court cannot reach the merits. Capitol Industries-EMI, Inc. v. Bennett, 681 F.2d 1107, 1118 (9th Cir.), cert. denied sub nom. EMI Ltd. v. Bennett, 455 U.S. 943, 102 S.Ct. 1438, 71 L.Ed.2d 655 (1982). H & S notes that if there were no jurisdiction, dismissal should have been without prejudice.
 
 
 23
 Review of a decision regarding subject matter jurisdiction is de novo. Broudy v. United States, 722 F.2d 566, 567 (9th Cir.1983). We find that the district court had subject matter jurisdiction over the claim stated in the first cause of action and that disposition of the claim on the merits was proper. The first cause of action did concern a breach of a collective bargaining agreement, over which federal courts have jurisdiction under section 301. However, plaintiff H & S failed to state a claim upon which relief could be granted. In a case cited by H & S, the Sixth Circuit noted that "jurisdiction to consider the allegations of the complaint does not necessarily mean that such allegations, if established, will state a claim for the relief demanded under federal law or, indeed, for any relief at all." Dann v. Studebaker-Packard Corp., 288 F.2d 201, 206 (6th Cir.1961). As the Supreme Court stated in Bell v. Hood,
 
 
 24
 Jurisdiction, therefore, is not defeated ... by the possibility that the averments might fail to state a cause of action on which the petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and ... it must be decided after ... the court has assumed jurisdiction over the controversy.
 
 
 25
 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed.2d 939 (1946). Accord Silverman v. Barry, 727 F.2d 1121, 1125 n. 5 (D.C.Cir.1984). In Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc., 711 F.2d 138, 140 (9th Cir.1983), this court said, "Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional." We find that the district court had subject matter jurisdiction and correctly reached the merits.
 
 
 26
 On appeal, H & S raises a defense to the dismissal on the merits not raised before the district court. It contends that those portions of the first cause of action against Local 3, set out above, stated a claim for declaratory relief. H & S asserts that a primary purpose of the suit was to establish whether it owed benefit contributions to Local 3 and, if so, the amount thereof. Declaratory relief under the Declaratory Judgment Act, 28 U.S.C. Sec. 2201 (1982), is generally available in actions brought under section 301. Castaneda v. Dura-Vent Corp., 648 F.2d 612, 616 n. 1 (9th Cir.1981); Kodiak Oil Field Haulers v. Teamsters Union Local No. 959, 611 F.2d 1286, 1290 (9th Cir.1980); S.J. Groves & Sons Co. v. Int'l Brotherhood of Teamsters, Local 627, 581 F.2d 1241, 1243 (7th Cir.1978). H & S further points out that pleadings are to be construed liberally. See Chipanno v. Champion Int'l Corp., 702 F.2d 827, 831 (9th Cir.1983).
 
 
 27
 The appropriateness of the application of this principle in this case is severely undercut in two ways: First, not even a liberal reading of the complaint yields the slightest hint that a declaratory judgment was sought. It clearly alleges only a claim for damages. Second, the entire thrust of H & S's motion opposing the dismissal with prejudice was that the district court had jurisdiction to consider the validity of the underlying collective bargaining agreement. Nowhere in H & S's opposition papers did it discuss or allude to declaratory judgment; instead, it chose to reassert the argument it had lost before the NLRB and this court, that the Council acted without the authority of H & S in executing the collective bargaining agreement. This court will not review an issue not raised below except to prevent manifest injustice. Professional Seminar Consultants, Inc. v. Sino American Technology Exchange Council, Inc., 727 F.2d 1470, 1472 (9th Cir.1984). No manifest injustice results from refusing to construe the claim as one for declaratory judgment.
 
 B. The Pendent State Claim
 
 28
 H & S also challenges the dismissal with prejudice of its pendent state claim against Local 3. The claim alleged that Local 3 was negligent, first, in dealing with the Council without determining whether it really represented H & S; and, second, in implementing the collective bargaining agreement in its relationship with H & S.
 
 
 29
 The district court had jurisdiction over the pendent claim by virtue of its federal subject matter jurisdiction over the section 301 claim against Local 3. It, therefore, acted properly in examining the merits of the pendent claim. We agree with the district court's finding that the action was "plainly barred by collateral estoppel" since the prior Ninth Circuit-enforced NLRB decision had concluded that the Council did have authority to conclude an agreement with Local 3 on behalf of H & S. Dismissal of the pendent state claim with prejudice was, therefore, correct.[1]
 
 C. Rule 11 Sanctions
 
 30
 Acting at the behest of Local 3 and pursuant to its authority under Fed.R.Civ.P. 11, the district court imposed sanctions against H & S's counsel. Under the provisions of Rule 11, when an attorney signs a pleading, he is certifying that he has read it and that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for an improper purpose. Rule 11 further provides that if the pleading is signed by the attorney in violation of the rule, the court shall impose upon the person who signed it, a represented party, or both, an appropriate sanction. The rule specifies that the sanction may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee. The requirement for the imposition of sanctions is mandatory if the court finds that Rule 11 has been violated.
 
 
 31
 In imposing the sanctions the district court noted that the sanctioned attorneys were experienced labor law practitioners and found that they
 
 
 32
 knew or should have known that, at least in the matter of Local 3, their client had neither a cause of action nor any claim to invoke this court's jurisdiction. Attorneys do not serve the interests of their clients, of the profession, or of society when they assert claims or defenses grounded on nothing but tactical or strategic expediency.... Given the claimed expertise and experience of these attorneys, a strong inference arises that their bringing of an action such as this was for an improper purpose.
 
 
 33
 582 F.Supp. at 1522. The court also found that the "plaintiff's pleading was not warranted by existing law or a good faith argument for extension or modification of existing law, and that counsel could not reasonably have believed that it was." Id.
 
 
 34
 There is no doubt that the pleadings signed by counsel did not state a valid claim, either for damages under section 301, or on any other basis argued before the district court. As experienced labor lawyers, counsel certainly must have known that they could not relitigate the issue of whether H & S was bound by the collective bargaining agreement. This was foreclosed by the decision of the NLRB which was confirmed by this court. Likewise, it is beyond belief that counsel could have believed in good faith that H & S could assert a valid claim for damages against Local 3 resulting from H & S's own breach of the collective bargaining agreement.
 
 
 35
 H & S now argues, for the first time on appeal, that it could have sought a declaratory judgment concerning the amount it owed to Local 3 for pension and welfare contributions. No attempt to amend the complaint to allege a claim for declaratory relief was ever made, and it was never argued before the trial court that this was the basis of the claim in the first cause of action.
 
 
 36
 H & S argues that there were six settlement conferences at which a major subject of discussion was the amount owed by it to Local 3, thereby putting the court on notice that H & S was, in fact, seeking a declaratory judgment. However, at the initial settlement conference, the district court noted that H & S's action could well constitute a Rule 11 violation. The mere fact that the parties then attempted to settle their differences with the assistance of the court does not constitute a valid assertion of a claim for declaratory judgment which was never formally raised. Nor do these settlement proceedings amount to an acceptance by the district court of the completely frivolous claim that constituted the sole basis for federal jurisdiction. Had H & S sought to amend its complaint to request declaratory relief, or even argued that that was its intent, the district court would have been presented with a different set of circumstances. With the allegations of the complaint as they stood, the district court quite properly imposed a sanction. The selection of an appropriate sanction "is ordinarily left in the first instance to the discretion of the district court, and it will not be disturbed on appeal absent a showing of an abuse of discretion." Westmoreland v. CBS, Inc., 770 F.2d 1168, 1178 (D.C.Cir.1985). The sanction imposed was the amount of the reasonable attorneys' fees incurred for the defense of the action. The initial award was $5,625, which was modified by a later order to $3,406.25. This was a reasonable assessment of the fees required for the defense and the imposition of this sanction was not an abuse of discretion.
 
 III.
 CONCLUSION
 
 37
 The district court had jurisdiction to consider the claim brought pursuant to section 301 of the Labor-Management Relations Act. Its dismissal of the claim with prejudice was proper, as was its dismissal with prejudice of the pendent state claim against Local 3. Imposition of sanctions upon H & S's attorneys was a proper action under Rule 11, given the state of the record as it existed before the district court.
 
 
 38
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Jesse W. Curtis, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 Given our decision that the Council already has been found to have had the authority to conclude the collective bargaining ageement, we need not reach, as the district court did, the issue of whether a union owes a duty of care to an employer to question the authority of an employer's association to represent that employer in collective bargaining negotiations