**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 481, Plaintiff–Appellant,**

v.

**SIGN–CRAFT, INC., Defendant–Appellee.**

No. 87–2061.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 12, 1988.

Decided July 5, 1988.

Barbara J. Baird, Fillenwarth, Dennerline, Gorth & Baird, Indianapolis, Ind., for plaintiff-appellant.

Keith E. White, Barnes & Thornburg, Indianapolis, Ind., for defendant-appellee.

Before WOOD, Jr. and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

This case centers upon a claim by appellant, International Brotherhood of Electrical Workers, Local 481, that appellee, Sign–Craft, Inc., improperly repudiated the multi-employer collective bargaining agreement between the Union and the Sign Industry Employer's Association (SIEA). From June, 1981 through May 31, 1983 Sign–Craft had been a party to the multi-employer agreement between IBEW Local 481 and the Indianapolis Sign Association, which was the predecessor to the disputed IBEW–SIEA agreement. This controversy arose as a result of Sign–Craft's decision to cease operations within the Indianapolis area and its purported withdrawal from the multi-employer association now represented by the SIEA.

The record reveals that as a result of Sign–Craft's alleged repudiation of the IBEW–SIEA agreement, appellant Union filed an unfair labor practice charge with the National Labor Relations Board (NLRB) on November 19, 1983. That charge claimed that Sign–Craft had violated §§ 8(a)(1), 8(a)(3) and 8(a)(5) of the Labor Management Relations Act (LMRA). In a letter and summary report dated December 29, 1983, the NLRB Regional Director refused to issue an unfair labor practice complaint and dismissed the unfair labor practice charge.

No grievance was filed by the Union as a result of Sign–Craft's actions. However, on January 27, 1986, the Union brought the present action against Sign–Craft in the district court under 29 U.S.C. § 185(a) (§ 301(a) of the LMRA). Sign–Craft moved for summary judgment, asserting, *inter alia*, that the district court lacked subject matter jurisdiction. The district court granted Sign–Craft's motion, treating it as a motion to dismiss, and dismissed the Union's cause of action, without prejudice, for lack of subject matter jurisdiction. The IBEW Local 481 appeals that dismissal.

I

In dismissing appellant's cause of action, the district court observed:

While the Union would have the Court view the question of whether the agreement validly binds Sign–Craft as merely incidental to the ultimate question of contract violation, such a view is contrary to the posture of the complaint. The Union alleges in its complaint that Sign–Craft has consistently ignored the terms of the agreement, and for that reason, requests declaratory and injunctive relief. In this context, the request for damages should the Court find the agreement binding on Sign–Craft is incidental to the question of validity, rather than vice-versa. [sic]

Proceeding from this characterization of the complaint, the district court concluded that because "the ultimate question for disposition is one of contract validity" the holding in *NDK Corporation v. Local 1550 of the United Food and Commercial Workers International Union*, 709 F.2d 491 (7th Cir.1983), obliged it to dismiss the Union's cause of action for lack of subject matter jurisdiction. Appellant Union contends that this conclusion by the district court was error.

II

*NDK* involved an employer attempt to bring suit under § 301(a) of the LMRA to rescind a collective bargaining agreement and stay a contractual grievance arbitration proceeding under that agreement. The employer's action did not allege that a violation of the collective bargaining agreement had occurred. Rather, it claimed that the agreement was invalid because it had been procured by the union through a fraudulent promise that the contract's terms would not be enforced. In dismissing the employer's suit for lack of subject matter jurisdiction, our Court expressed its intention to "adhere to the plain language of § 301" and held that the statutory provision "provides jurisdiction for suits for violations of contracts but not for determinations of the validity of contracts where validity is the ultimate issue." *NDK*, 709 F.2d at 493.

The opinion in *NDK* takes care to distinguish its holding from the result reached in *Mogge v. District No. 8, International Association of Machinists*, 387 F.2d 880 (7th

Cir.1967), *cert. denied*, 391 U.S. 936, 88 S.Ct. 1849, 20 L.Ed.2d 855 (1968). In *Mogge*, a union was sued in its capacity as an employer by a second union that represented its clerical employees. The suit sought damages for the allegedly improper discharge of a clerical worker by the employer union. The employer union had previously refused to arbitrate the matter based on a claim that the collective bargaining agreement it had consummated with the representative union was not valid. It raised that same contention as a defense to the representative union's suit for damages and alternatively requested that the court proceedings be stayed pending contractual arbitration.

The district court determined that the agreement was valid and stayed court proceedings pending arbitration under the collective bargaining agreement. On appeal our Court rejected the claim by the representative union that the employer union had waived its right to arbitration. We affirmed the district court, holding that the employer union "had the right to a judicial determination of the threshold question of validity before being required to proceed with arbitration." *NDK*, 709 F.2d at 493.

The opinion in *NDK* notes the following differences between the fact situation in that case and the facts of *Mogge*. First, the plaintiffs in *Mogge* brought a suit alleging a violation of a valid collective bargaining agreement, a matter clearly within the purview of § 301. Second, the "right" to a judicial determination of the validity of a collective bargaining agreement referred to in *Mogge* was no more than the right of an employer (or a union) to have that determination made without being deemed to have effectively waived contractual arbitration. Third, the contract validity issue in *Mogge* was "merely a threshold question" which the court had to resolve before it could determine if there was a violation of the contract. Thus, because the suit before it did not allege the violation of a collective bargaining agreement and since the question of contract validity was in fact the ultimate issue in the case, the NDK court did not believe itself constrained by *Mogge*. *NDK*, 709 F.2d at 493.

## III

■ The sole issue before us is whether the district court properly determined that it lacked subject matter jurisdiction under § 301(a) of the LMRA to hear the Union's suit. Our review of that decision is *de novo*. *See Huettig v. Landscape Contractors Council of Northern California*, 790 F.2d 1421, 1425 (9th Cir.1986). Section 301(a) provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

It is clear that a plaintiff union seeking to bring a cause of action against an employer under § 301 must allege the violation of an existing or valid collective bargaining agreement in order for a federal district court to properly assert jurisdiction. *See NDK*, 709 F.2d at 493. *See also A.T. Massey Coal Company, Inc. v. International Union, United Mine Workers of America*, 799 F.2d 142, 146 (4th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1964, 95 L.Ed.2d 536 (1987) (holding that a plaintiff must allege a breach of an existing collective bargaining agreement in order to avail itself of jurisdiction under § 301); *Leskiw v. Local 1470, International Brotherhood of Electrical Workers*, 464 F.2d 721, 723 (3d Cir.1972) ("Section 301(a) only creates federal jurisdiction, in the absence of diversity of citizenship, with respect to suits for violation of contracts between an employer and a labor organization ... or between any such labor organizations.").

■ It is equally clear that § 301 grants jurisdiction to the federal district courts to decide the question of whether there is a valid contract between an employer and a union, as long as that determination of the validity or existence of a collective bargaining agreement between the two litigants is

a threshold issue to a contract enforcement action. *See NDK,* 709 F.2d at 493; *Mogge,* 387 F.2d at 883; *International Union of Operating Engineers, Local 150 v. G. Bliudzius Contractors, Inc.,* 730 F.2d 1093 (7th Cir.1984) (holding that a defendant employer was bound by a collective bargaining agreement negotiated by the employer association to which it belonged and ordering the employer to proceed to arbitration under that agreement). *See also A.T. Massey,* 799 F.2d at 146; *Hernandez v. National Packing Co.,* 455 F.2d 1252, 1253 (1st Cir.1972). However, as noted above, we unequivocally held in *NDK* that absent an action for enforcement of a contract that is the primary, ultimate thrust of a suit brought under § 301, there is no separate right to a judicial determination of the validity of a collective bargaining agreement under that statutory provision.

The district court analyzed the complaint brought by the Union and concluded that the "posture of the complaint" (*i.e.,* its allegation that "Sign–Craft has consistently ignored the terms of the agreement," and the fact that for that reason, the Union in this action requests declaratory and injunctive relief) indicated that "the request for damages should the Court find the agreement binding on Sign–Craft is incidental to the question of validity, rather than vice-versa." Our task on appeal is to determine if the district court properly characterized the Union's complaint. In other words, we must ascertain if the validity of the IBEW–SIEA collective bargaining agreement between Sign–Craft and the Union is the ultimate issue raised by the Union's suit, or alternatively, if that question presents only a threshold determination necessary to the resolution of a central issue of contract enforcement.

The Union's complaint is styled a "Complaint for Injunctive Relief, Declaratory Relief, and for Damages." It states the following primary allegations:

1. In June, 1981 Sign–Craft joined the multi-employer association of Indianapolis area sign erection and maintenance firms and thereby agreed to be bound by the predecessor contract to the IBEW–SIEA collective bargaining agreement.

2. Sign–Craft never made an effective withdrawal from the multi-employer association that is a party to the current IBEW–SIEA agreement.

3. In June, 1983 Sign–Craft informed the Union of its intention both to cease operations in the Indianapolis area and to close its Indianapolis facility.

4. Despite those representations to the Union, Sign–Craft continued to perform sign-related work in the geographic area in and around Indianapolis which is covered by the IBEW–SIEA agreement.

In its concluding paragraph, the Union's complaint expressly requests the following relief:

A. A permanent injunction mandating defendant's future compliance with all terms of the 1983 Agreement between plaintiff and the SIEA, retroactive to June 1, 1983.

B. A declaratory judgment that defendant is and has been bound by all terms and conditions of the 1983 Agreement between plaintiff and the SIEA, retroactive to June 1, 1983.

C. Damages for breach of contract in an amount to be determined at trial.

D. Such other and further relief as may be deemed proper in the premises. [sic]

The Union's complaint does not seek to compel arbitration of its dispute with Sign–Craft under the IBEW–SIEA collective bargaining agreement. It does not make reference to any particular provision(s) of the agreement that it alleges to have been violated by appellee and fails to specify the amount of damages sought. Clearly, the key questions raised by the Union's complaint do not go to whether Sign–Craft has committed a violation of an existing collective bargaining agreement, valid between the parties. Rather, the complaint raises questions (i) as to whether Sign–Craft made an effective withdrawal from the multi-employer association it joined in June, 1981, and if not, (ii) whether it has since June, 1983 performed sign-related work within the geographic area covered by the IBEW–SIEA agreement.

If it were to proceed to trial, the outcome of this cause of action would turn on a determination of whether Sign–Craft is a party to the IBEW–SIEA agreement. At its core, the complaint simply does not raise the question of whether Sign–Craft violated a valid collective bargaining agreement to which it is a party. Instead, it primarily requests of the district court a determination of whether the IBEW–SIEA agreement is valid between Sign–Craft and the IBEW, and binding on Sign–Craft as an employer.

The above reading of the predominant thrust of the complaint in this matter is reinforced by the nature and ordering of the relief it seeks. The Union asks for a declaratory judgment that the IBEW–SIEA agreement is valid between it and appellee and requests the district court to issue an injunction to force Sign–Craft to comply with its terms. The reference to damages for appellee's purported breach of the agreement is very general and plainly is collateral to the primary relief the complaint requests.

Given the inferences that arise from our independent interpretation of appellant's complaint, we cannot conclude that the district court erred when it ascertained that the ultimate question for disposition in this cause of action is one of contract validity, with only an incidental prayer for damages. Given that finding, we are compelled by our precedent to hold that the district court did not have subject matter jurisdiction over the present action.[1]

IV

We acknowledge that *NDK* may not be our Court's final word on the several complex jurisdictional issues raised by union and employer efforts to invoke the § 301 LMRA jurisdiction of the federal district courts in cases involving, *inter alia*, the question of whether a particular employer is bound by the terms of an existing, valid collective bargaining agreement.[2] Nevertheless, our analysis leaves us convinced that this case does not require any further extension or elucidation of the existing § 301 law in our Circuit.

The judgment of the district court is AFFIRMED.

RIPPLE, Circuit Judge, dissenting.

Section 301 of the Labor Management Relations Act (LMRA) vests the district court with jurisdiction in any case alleging "violation of contracts between an employer and a labor organization. . . ." 29 U.S.C. § 185(a). The plain language of the statute therefore establishes that the district court should have exercised jurisdiction here. The complaint filed by IBEW alleges a violation of a labor contract, seeks damages arising from that violation, and seeks the defendant's future compliance with the terms of the contract.

The majority concludes that it was proper for the district court to decline jurisdiction because of this court's holding in *NDK Corp. v. Local 1550, United Food & Com-*

---

1. Given our holding that the district court is without subject matter jurisdiction under § 301 of the LMRA, we need not address the issues raised by the parties as to the parallel jurisdiction of the National Labor Relations Board over this dispute.

2. Thus, we note that in *McNally Pittsburg, Inc. v. International Association of Bridge, Structural & Ornamental Iron Workers*, 812 F.2d 615, 617–19 (10th Cir.1987), the Tenth Circuit expressly declined to follow our Court's holding in *NDK v. Local 1550 of the United Food and Commercial Workers International Union*, 709 F.2d 491, 493–95 (7th Cir.1983), and found federal district court jurisdiction under § 301 of the LMRA in a declaratory judgment action that addressed only the validity, and not the violation, of a collective bargaining agreement. The more restrictive

reading of the scope of the jurisdiction granted the federal courts by § 301(a) that *NDK* reflects may also conflict with the position taken by the Fourth Circuit in *A.T. Massey Coal Co., Inc. v. International Union, United Mine Workers of America*, 799 F.2d 142, 146 (4th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1964, 95 L.Ed.2d 536 (1987) (finding federal district court jurisdiction under § 301 in a declaratory judgment action seeking a determination that a parent corporation and its affiliated companies were bound by an existing collective bargaining agreement), and the holding by the Eleventh Circuit in *Board of Trustees v. Universal Enterprises, Inc.*, 751 F.2d 1177, 1184 (11th Cir.1985) ("a district court has jurisdiction under Section 301 to make a determination as to whether a collective bargaining agreement in fact exists").

*mercial Workers,* 709 F.2d 491 (7th Cir. 1983). In *NDK,* the plaintiff sought rescission, not enforcement, of a labor contract. We held that there was no jurisdiction under section 301. "NDK did not bring," we pointed out, "a suit alleging a violation of a valid contract...." *Id.* at 493. Section 301, we held, "provides jurisdiction for suits for violation of contracts but not for determinations of the validity of contracts where validity is the ultimate issue." *Id.*

*NDK* is different from this case. Here, the plaintiffs have alleged a breach of contract; they seek a remedy for that breach. This case is therefore similar to *International Union of Operating Eng'rs, Local 150 v. G. Bliudzius Contractors, Inc.,* 730 F.2d 1093 (7th Cir.1984), and *Mogge v. District No. 8, Int'l Ass'n of Machinists,* 387 F.2d 880 (7th Cir.1967), *cert. denied,* 391 U.S. 936, 88 S.Ct. 1849, 20 L.Ed.2d 855 (1968). In those cases, the plaintiffs alleged violations of labor contracts, and the defendants responded by asserting the invalidity of those contracts. In both cases, the dispositive issue related to contract validity. Indeed, in *Bliudzius,* which was decided after *NDK,* this court said that "[t]he sole issue presented to this Court is whether the Company is bound by the collective bargaining agreement...." 730 F.2d at 1095. Even though the contested issue in *Bliudzius* and *Mogge* related to contract validity, this court nonetheless exercised jurisdiction because a violation of a labor contract had been alleged. It is thus clear that federal jurisdiction under section 301 is proper as long as the plaintiff alleges the breach of a labor contract. Jurisdiction is not defeated merely because the defendant takes the position that there is no breach because the contract is not valid.[1]

In my view, the court's error can be traced to its flawed methodology. The court concludes that contract validity is the "ultimate" issue here by examining "the predominant thrust of the complaint." The court says that "[a]t its core, the complaint simply does not raise the question of whether Sign–Craft violated a valid collective bargaining agreement...." The court admits that this conclusion is based on "inferences." I respectfully suggest that, at this stage of the litigation, a court may not dismiss a complaint when dismissal depends on drawing inferences against the plaintiff.

Even if the majority's inferences are appropriate and correct, those inferences still do not lead to the conclusion reached by the majority. As long as a plaintiff's complaint alleges a violation of a contract, section 301 is triggered. It is irrelevant to the jurisdictional inquiry that the plaintiff also seeks an injunction to compel future compliance. *See generally A.T. Massey Coal Co. v. United Mine Workers,* 799 F.2d 142, 146 (4th Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 1964, 95 L.Ed.2d 536 (1987). Oftentimes, future compliance may be the most important remedy to the aggrieved party. The relative importance of various remedies for the breach of contract will change from case to case. This consideration is not relevant to the jurisdictional inquiry. I respectfully dissent.

---

**1.** The majority comments that "this case does not require any further extension or elucidation of the existing § 301 law in our Circuit." Since *NDK* did not involve any allegation of a contract violation, I fail to see how today's decision does not constitute an extension of the law in this circuit. Moreover, the majority does not cite a single case from any court in which jurisdiction was rejected even though a contract violation had been alleged. In fact, the majority's footnote 2 squarely points out that this decision conflicts with the view taken by every other circuit.