**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 481, Plaintiff–Appellant,**

v.

**SIGN–CRAFT, INC., Defendant–Appellee.**

No. 87–2061.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 12, 1988.

Decided Dec. 15, 1988.\*

*NDK Corp. v. Local 1550 of the United Food & Commercial Workers International Union,* 709 F.2d 491 (7th Cir.1983).

Barbara J. Baird, Fillenwarth Dennerline Groth & Baird, Indianapolis, Ind., for plaintiff-appellant.

Keith E. White, Barnes & Thornburg, Indianapolis, Ind., for defendant-appellee.

Before WOOD, Jr., and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

In *International Brotherhood of Electrical Workers, Local 481 v. Sign–Craft, Inc.*, 851 F.2d 910 (7th Cir.1988), this court upheld the district court's determination that it lacked subject matter jurisdiction under § 301 of the Labor Management Relations Act ("LMRA") to decide whether a valid collective bargaining agreement existed between the appellant and the appellee. Subsequently, the appellant filed a petition for rehearing. On reconsideration, we grant appellant's petition for rehearing, withdraw our original opinion, vacate our judgment in that opinion, substitute this opinion for our original opinion, and reverse and remand the district court's decision denying jurisdiction.

## I

■ This case centers upon a claim by appellant, International Brotherhood of Electrical Workers Local 481 ("union"), that appellee, Sign–Craft, Inc., improperly repudiated the multi-employer collective bargaining agreement between the union and the Sign Industry Employers Association ("SIEA"). From June 1981 through May 31, 1983, Sign–Craft had been a party to the multi-employer agreement between the union and the Indianapolis Sign Association, which was the predecessor to the SIEA. The SIEA eventually entered into its own agreement with the union. This controversy arose as a result of Sign–Craft's decision to cease operations within the Indianapolis area and its purported withdrawal from the multi-employer association now represented by the SIEA.

The record reveals that as a result of Sign–Craft's alleged repudiation of the union-SIEA agreement, the union filed an unfair labor practice charge with the National Labor Relations Board ("NLRB") on November 19, 1983. This charge claimed that Sign–Craft had violated §§ 8(a)(1), 8(a)(3), and 8(a)(5) of the LMRA. In a letter and summary report dated December 29, 1983,

the NLRB Regional Director refused to issue an unfair labor practice complaint and dismissed the unfair labor practice charge.

No grievance was filed by the union as a result of Sign–Craft's actions. On January 27, 1986, however, the union brought the present action against Sign–Craft in the district court under 29 U.S.C. § 185(a) (§ 301(a) of the LMRA). Sign–Craft moved for summary judgment, asserting in part that the district court lacked subject matter jurisdiction. The district court granted Sign–Craft's motion, treating it as a motion to dismiss, and dismissed the union's cause of action, without prejudice, for lack of subject matter jurisdiction.

In dismissing the appellant's cause of action, the district court noted:

> While the Union would have the Court view the question of whether the agreement validly binds Sign–Craft as merely incidental to the ultimate question of contract violation, such a view is contrary to the posture of the complaint. The Union alleges in its complaint that Sign–Craft has consistently ignored the terms of the agreement, and for that reason, requests declaratory and injunctive relief. In this context, the request for damages should the Court find the agreement binding on Sign–Craft is incidental to the question of validity, rather than vice-versa.

Proceeding from this characterization of the complaint, the district court concluded that because "the ultimate question for disposition is one of contract validity" the holding in *NDK Corp. v. Local 1550 of the United Food and Commercial Workers International Union,* 709 F.2d 491 (7th Cir.1983), obliged it to dismiss the union's cause of action for lack of subject matter jurisdiction. The union appeals that dismissal.

The sole issue before us is whether the district court properly determined that it lacked subject matter jurisdiction under § 301(a) of the LMRA to hear the union's suit. Our review of that decision is *de novo.* See *Plumbers & Pipefitters Local Union 72 v. John Payne Co.,* 850 F.2d 1535, 1537 (11th Cir.1988); *Huettig & Schromm, Inc. v. Landscape Contractors Council,* 790 F.2d 1421, 1425 (9th Cir.1986).

II

Section 301(a) of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). For the purposes of this § 301(a) action, the district court correctly identified *NDK* as the key precedent in our circuit. The time has come, however, for us to reexamine that decision.

*NDK* involved an employer attempt to bring suit under § 301(a) in order to rescind a collective bargaining agreement and stay an arbitration proceeding under that agreement. The employer's complaint did not allege that a violation of the collective bargaining agreement had occurred. Rather, it claimed that the agreement was invalid because the union had procured it through a fraudulent promise that the contract's terms would not be enforced. In affirming the district court's dismissal of the employer's suit for lack of subject matter jurisdiction, the court expressed its intention to "adhere to the plain language of § 301" and held that the statutory provision "provides jurisdiction for suits for violations of contracts but not for determinations of the validity of contracts where validity is the ultimate issue." [1] *NDK,* 709 F.2d at 493.

---

**1.** If the plaintiff alleges a violation of a collective bargaining agreement and the defendant's defense is that the agreement is not valid, our circuit has already held that the district court has jurisdiction over the subject matter under § 301(a). *See Mogge v. District No. 8,* 387 F.2d 880, 882 (7th Cir.1967). In the course of its analysis, the *NDK* court distinguished *Mogge,* in part, on the grounds that the complaint in *Mogge* had alleged a violation of the collective

Other circuits, however, have reached the opposite result by concluding that subject matter jurisdiction exists under § 301(a) to determine the validity of collective bargaining agreements. *See Mack Trucks, Inc. v. International Union, United Auto. Workers,* 856 F.2d 579, 590 (3d Cir.1988); *Rozay's Transfer v. Local Freight Drivers, Local 208, Int'l Bd. of Teamsters,* 850 F.2d 1321, 1326 (9th Cir. 1988); *McNally Pittsburg, Inc. v. International Ass'n of Bridge Workers,* 812 F.2d 615, 618–19 (10th Cir.1987); *Board of Trustees v. Universal Enters., Inc.,* 751 F.2d 1177, 1184 (11th Cir.1985); *United Steelworkers v. Rome Indus., Inc.,* 437 F.2d 881, 882 (5th Cir.1970); *see also A.T. Massey Coal Co. v. International Union, United Mine Workers,* 799 F.2d 142, 146 (4th Cir.1986) (finding jurisdiction if the plaintiff claims that a valid collective bargaining agreement exists, but finding no jurisdiction if the plaintiff claims that no valid contract exists), *cert. denied,* — U.S. —, 107 S.Ct. 1964, 95 L.Ed.2d 536.

In *Mack Trucks* and *McNally,* the Third and Tenth Circuits both specifically mentioned *NDK* and decided not to follow it. *See Mack Trucks,* 856 F.2d at 589 n. 10; *McNally,* 812 F.2d at 617–19. The Third Circuit relied on the legislative history of § 301, which shows that Congress wanted to both expand "the availability of forums for the enforcement of [labor] contracts" and chose " 'to make collective bargaining agreements enforceable only in the courts.' " *Mack Trucks,* 856 F.2d at 587 (quoting *Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 511, 82 S.Ct. 519, 524, 7 L.Ed.2d 483 (1962)). The Tenth Circuit opted for a "broad interpretation" of § 301(a). *See McNally,* 812 F.2d at 617–18.

The Supreme Court has supported the view that § 301(a) should be given a broad interpretation. In *Smith v. Evening News Ass'n,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), the Court expressly stated that "§ 301 is not to be given a narrow reading." *Id.* at 199, 83 S.Ct. at 270 (citing *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 456–57, 77 S.Ct. 912, 918, 1 L.Ed.2d 972 (1957)). Other courts have followed the Court's guidance and have allowed all types of relief under § 301 including damages, specific performance, and declaratory judgments. *See Castaneda v. Dura-Vent Corp.,* 648 F.2d 612, 616 n. 1 (9th Cir.1981). Section 301 is more than just a grant of jurisdiction to the federal courts; it "authorizes federal courts to fashion a body of federal law for the enforcement of ... collective bargaining agreements...." *Textile Workers Union,* 353 U.S. at 451, 77 S.Ct. at 915.

Against the backdrop of these cases, it appears that *NDK* gives too literal and narrow an interpretation to § 301(a). It rests too heavily on the mere labeling of the complaint as asserting either a violation of the contract or questioning its validity. In many cases, such as the one before us, either label could readily apply. These fine-line distinctions fail to give adequate guidance to the district courts on an issue as important as subject matter jurisdiction. Moreover, such distinctions present a trap for the unwary litigant. Continued adherence to *NDK* would only create greater confusion in the law.[2] Therefore, we now overrule *NDK* and hold that under § 301(a) any disputes about the meaning or validity of collective bargaining agreements come within the jurisdiction of the federal courts.

### III

The appellee also contends that the jurisdiction of the district court under § 301(a)

---

bargaining agreement and that the issue of whether there was a valid collective bargaining agreement was merely a "threshold" determination that the court had to make before it could decide whether a violation had occurred. *See NDK,* 709 F.2d at 493.

**2.** Additionally, because *NDK* places emphasis on whether the validity of a contract is a mere threshold issue or the ultimate issue, *see NDK,* 709 F.2d at 493, district courts may tend to consider the defendant's defense that the contract is not valid in deciding whether they have jurisdiction under § 301(a). Of course, jurisdiction of the federal courts must rest solely on the plaintiff's well-pleaded complaint, regardless of what defenses the defendant may raise. *Christianson v. Colt Indus. Operating Corp.,* — U.S. —, 108 S.Ct. 2166, 2174, 100 L.Ed.2d 811 (1988).

is preempted by the primary jurisdiction of the NLRB. The appellee's argument rests on two main points. First, because the union is in effect alleging an unfair labor practice, the court's jurisdiction is preempted by the National Labor Relations Act ("NLRA"). Second, the determination of whether a valid collective bargaining agreement exists between Sign–Craft and the union is really a representational issue, which only the NLRB may resolve.

■ Appellee's contentions are without merit. Traditionally, when an action was arguably protected under § 7 or § 8 of the NLRA, both state courts "as well as the federal courts [had to] defer to the exclusive competence of the National Labor Relations Board...." *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245, 79 S.Ct. 773, 780, 3 L.Ed.2d 775 (1959). "When, however, the activity in question also constitutes a breach of a collective-bargaining agreement, the Board's authority 'is not exclusive and does not destroy the jurisdiction of the courts in suits under § 301.'" *William E. Arnold Co. v. Carpenters Dist. Council*, 417 U.S. 12, 16, 94 S.Ct. 2069, 2072, 40 L.Ed.2d 620 (1974) (quoting *Smith*, 371 U.S. at 197, 83 S.Ct. at 269); *see also Chicago Typographical Union No. 16 v. Chicago Sun–Times, Inc.*, 860 F.2d 1420, 1426–27 (7th Cir.1988); *Mack Trucks*, at 585; *Universal Enters.*, 751 F.2d at 1183. Therefore, the fact that the union's allegations may support both a § 301(a) action and an unfair labor practice charge does not defeat the district court's jurisdiction. In this situation, the courts and the NLRB have concurrent jurisdiction. *See NLRB v. Great Dane Trailers, Inc.*, 388 U.S. 26, 30 n. 7, 87 S.Ct. 1792, 1796 n. 7, 18 L.Ed.2d 1027 (1967); *Smith*, 371 U.S. at 197, 83 S.Ct. at 269. In addition, although the NLRB has the discretion to decline jurisdiction, as it did in this case, this decision does not limit the district court's jurisdiction. "Because Congress has failed to give the courts similar discretion, ... if the statutory requirements of section 301 are satisfied, a federal court must exercise the authority granted by that section to hear labor contract disputes." *Richards v. Local 134*, 790 F.2d 633, 636 (7th Cir.1986) (citing *Pari–Mutuel Clerks Union v. Fair Grounds Corp.*, 703 F.2d 913, 918 (5th Cir.), *cert. denied*, 464 U.S. 846, 104 S.Ct. 150, 78 L.Ed.2d 140 (1983)).

■ Furthermore, Sign–Craft's contention that this dispute is really a representational issue for the NLRB is wrong. In its complaint the union asked in part for "[a] permanent injunction mandating [Sign–Craft's] future compliance with all terms of the 1983 Agreement ... [and] [d]amages for breach of contract...." Complaint for Injunctive and Declaratory Relief, and for Damages at 4. Clearly, the union's complaint alleges violations of the 1983 collective bargaining agreement. Although the underlying issue may be whether there is a valid agreement between the union and Sign–Craft, it is not a representational dispute. Even if Sign–Craft continues to contend that it is not a member of the SEIA and therefore not bound by the union-SEIA collective bargaining agreement, the district court can resolve this issue. "When it is alleged that an employment contract exists between employees or their representatives and an employer the court does have jurisdiction to determine the matter." *Baker v. Fleet Maintenance, Inc.*, 409 F.2d 551, 554 (7th Cir.1969). In effect, "the district court [has] jurisdiction to determine its jurisdiction under section 301." *Id.* at 553. Therefore, we hold that the district court's jurisdiction is not preempted by the NLRB.

IV

For all the foregoing reasons, the judgment of the district court is

REVERSED AND REMANDED.