**UNITED STEELWORKERS OF AMERICA, AFL–CIO, Plaintiff-Appellant,**

v.

**ROME INDUSTRIES, INC., d/b/a Rome Plow Company, Defendant-Appellee.**

No. 29689.

United States Court of Appeals, Fifth Circuit.

Dec. 30, 1970.

Benjamin L. Erdreich, Birmingham, Ala., Bernard Kleiman, Pittsburgh, Pa., Michael H. Gottesman, Washington, D. C., J. R. Goldthwaithe, Jr., Atlanta, Ga., for appellant.

Albert E. Phillips, Walter O. Lambeth, Jr., Frank M. Swift, Atlanta, Ga., for appellee.

Before RIVES, WISDOM and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

This appeal is from a judgment of dismissal in an action brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a),[1] by the United Steelworkers against Rome Industries.[2] The Steelworkers seek specific performance of an alleged collective bargaining agreement with Rome, an injunction requiring Rome to formalize the alleged agreement by reducing it to writing and signing it, and incidental damages as a result of Rome's violations of the terms of the alleged agreement. Rome contends the evidence does not establish the existence of a binding collective agreement.

Rome moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The District Court dismissed the suit, agreeing with Rome that it had no jurisdiction. As we understand its reasoning, it is that for § 301 jurisdiction there must be an allegation of breach of contract, and that it does not meet such requirement to allege that the employer refuses to reduce to writing and sign an agreement which has been reached, because, though characterized by the pleader as a breach, this states instead a claim of an unfair labor practice the exclusive remedy for which would be before the NLRB. However, in case it should be found on appeal that there was subject matter jurisdiction, the court also entered findings of fact and conclusions of law to the effect that no collective bargaining agreement had been reached by the parties. The union appealed.

■ We affirm the dismissal but on grounds different from those given by the District Court. We conclude that the court had power to make an initial determination whether or not a contract existed, and that the factual determination made pursuant to that power was not plainly erroneous. There being no contract, the dismissal was proper.

Whether viewed as the exercise by the court of "jurisdiction to determine its own jurisdiction," [3] or the determination by the trial court of a threshold factual inquiry on the merits of a case in which no jury has been demanded—characterizations between which we need not choose in this case—the court was empowered to decide the issue of existence of a contract. Baker v. Fleet Maintenance, Inc., 409 F.2d 551 (7th Cir. 1969), Lear Siegler, Inc. v. Int'l Union, United A.A. & A.I. Workers, 287 F. Supp. 692 (W.D.Mich.1968).[4]

■ The District Court erred in concluding that it could not make the determination of whether a contract existed [5] because it considered there were insufficient allegations of breach. In El Paso Bldg. & Constr. Trades Council v. El

1. "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

2. D.C., 321 F.Supp. 1170 (N.D.Ga.1970).

3. E. g., United States v. United Mine Workers of America, 330 U.S. 258, 67 S. Ct. 677, 91 L.Ed. 884 (1947).

4. Compare Genesco, Inc. v. Joint Council 13, United Shoe Workers of America, 341 F.2d 482 (2d Cir. 1965) in which the defendant did not deny that the contract existed but said it reserved the

right to make that contention at a later time.

5. Of course, "[t]he authority of the Board to deal with an unfair labor practice which also violates a collective bargaining contract is not displaced by § 301, but it is not exclusive and does not destroy the jurisdiction of the courts in suits under § 301." Smith v. Evening News Ass'n, 371 U.S. 195, 197, 83 S.Ct. 267, 269, 9 L.Ed.2d 246, 249 (1962). We do not understand the District Court to have said otherwise. It did not view the dispute as within the jurisdiction of both Board and § 301, with respect to which the Board could not displace § 301, but one in which no violation of § 301 was even alleged, hence a matter solely for the Board as an unfair labor practice.

Paso Chapter Assoc. Gen. Contractors, 376 F.2d 797 (5th Cir. 1967), we held it unnecessary to allege violation of the contract to secure a declaratory judgment of rights under the contract. In this instance the failure to allege a breach did not deprive the District Court of its power to determine whether the alleged contract existed.

We agree with the District Court's findings of fact and conclusions on the issue of existence of the contract [6] and adopt them as our own.

Affirmed.