Ronald SINE and Larry Danner, Appellants,

v.

LOCAL NO. 992, INTERNATIONAL BROTHERHOOD OF TEAMSTERS; Eastern Conference of Teamsters, Appellees,

and

Mitchell Transport, Inc., Defendant.

No. 82–1605.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 7, 1983.

Decided March 20, 1984.

Rehearing and Rehearing En Banc Denied April 26, 1984.

Harry Goldman, Jr., Baltimore, Md. (Richard P. Neuworth, Baltimore, Md., on brief), for appellants.

Jonathan G. Axelrod, Baltimore, Md. (Hugh J. Beins, Beins, Axelrod & Osborne, P.C., Carl S. Yaller, Edelman & Rubenstein, P.A., Baltimore, Md., on brief), for appellee Eastern Conference of Teamsters.

Luther C. West, Baltimore, Md. (West, Carey, Frame & Barnstein, Baltimore, Md., on brief), for appellee Local 992, Intern. Broth. of Teamsters.

Before HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Upon remand,[1] the district court held that Ronald Sine and Larry Danner's action

---

1. *See Sine v. Local 992, International Bhd. of Teamsters,* 644 F.2d 997 (4th Cir.1981), for the background of this appeal.

under § 301 of the Labor Management Relations Act[2] against Local 992 and the Eastern Conference of Teamsters was barred by Maryland's 30-day statute of limitations. A recent decision of the Supreme Court invalidates this judgment, but we affirm dismissal of the conference on other grounds. The action against the local is remanded.

I

Sine and Danner brought this action within six months of an arbitration award which they protest on the ground, among others, that the union did not properly represent them. Because *DelCostello v. Teamsters,* — U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), held that the six-month limitation of § 10(b) of the Labor Relations Act[3] is applicable, we vacate the order of dismissal that was based on Maryland's statute. *See also Murray v. Branch Motor Express Co.,* 723 F.2d 1146 (1983).

II

The Eastern Conference of Teamsters asks us to sustain the order dismissing them, though on a different ground. It asserts that it was not a party to the collective bargaining agreement.[4] Sine and Danner claim the conference is liable because a lawyer it employed assisted them and the local in the prosecution of their grievances and because conference employees sat on the joint committee that considered the grievances before arbitration.

Section 301 provides a cause of action for breach of a bargaining agreement. Consequently, suit may be brought only against the parties to the contract. The local, not the conference, was the contracting party. Where, as here, the local is designated as the exclusive bargaining agent responsible for representing employees in the prosecution of grievances, only the local can be held responsible. *Team-*

sters Local Union No. 30 v. Helms Express, Inc., 591 F.2d 211, 216–17 (3d Cir. 1979). We find no warrant in this case for making an exception to this general rule by holding the conference vicariously liable as urged by Sine and Danner. Section 301(e) adopts the common-law agency test for the imposition of vicarious liability on a union. *Carbon Fuel Co. v. Mine Workers,* 444 U.S. 212, 216–18, 100 S.Ct. 410, 413–414, 62 L.Ed.2d 394 (1979). Assistance furnished by an employee of the conference in prosecuting the grievances through arbitration did not constitute the conference a party to the bargaining agreement amenable to suit under § 301. The lawyer simply assisted the local in the discharge of its duty of fair representation. His assistance did not create an agency relationship which would make the conference liable to Sine and Danner for the alleged violation of the local's contractual responsibility.

In *Carbon Fuel Co.,* 444 U.S. at 216–18, 100 S.Ct. at 413–414, the Court recognized that Congress took care to construct a shield that limits an international union's legal responsibility for the acts of one of its locals. As *Carbon Fuel Co.* points out, the international is not liable under § 301 for its failure to prevent the local from breaching the local's contractual responsibilities.

The participation of conference employees on the joint committee did not create an implied contract of fair representation. Their function on the committee was to decide grievances, not to prosecute them. Prosecution remained the obligation of the local.

On remand, the district court is directed to dismiss the claim against the conference.

III

Because the action against the local must be remanded, we will discuss the contention made by Sine and Danner that the district court should have granted them summary judgment on the issue of breach of the bargaining agreement. The facts

---

2. 29 U.S.C. § 185.

3. 29 U.S.C. § 160(b).

4. This issue was raised in the district court. We can rely on it to affirm the judgment. 10 Wright and Miller, Federal Practice and Procedure 658 (1983).

are not in dispute, and the parties have fully briefed and argued the issue.

Sine and Danner contend that the local is collaterally estopped from litigating the question of breach of contract by a prior judgment in their favor, which was affirmed.[5] The local responds that the factual issues tried initially are different from the issues raised by the present complaint.

Collateral estoppel requires an identity of issues. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). The earlier case involved the breach of a contractual provision for layoff purposes. The present claim alleges a breach with respect to dispatch. Without going into detail, it is sufficient to note the pertinent bargaining agreement provided that company seniority governs layoff and terminal seniority governs dispatch. It would be possible for the company to breach the agreement by applying improper seniority for layoff without making the same mistake concerning dispatch. Under these circumstances, Sine and Danner are not entitled to assert offensive collateral estoppel.

The judgment of the district court is affirmed in part, vacated in part, and this case is remanded for further proceedings.

---

**5.** *Sine v. Mitchell Transport, Inc.,* 553 F.2d 97 (4th Cir.1977) (unpublished).