Harry **TONGAY** et al., Appellants,

v.

The **KROGER COMPANY; International Brotherhood of Teamsters, Chauffeurs, Warehouseman and Helpers of America, Appellees.**

No. 88–1473.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 20, 1988.
Decided Oct. 24, 1988.

Kurt D. Breeze, Hillsboro, Mo., for appellants.

Gerry M. Miller, Milwaukee, Wis., for appellees.

Before McMILLIAN and FAGG Circuit Judges, and BRIGHT, Senior Circuit Judge.

FAGG, Circuit Judge.

This case arises from a labor dispute over the closing by The Kroger Company (Kroger) of its St. Louis, Missouri, distribution center. The dispute was settled in favor of Kroger by a grievance committee (the Committee) established under a collective bargaining agreement between Kroger and its employees. Kroger employees who lost their jobs because of the closing (the employees) then brought this action under section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

The employees claim the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (the International) breached a duty of fair representation owed the employees when an individual appointed by the International under the collective bargaining agreement to serve on the Committee voted to deny the grievance. The district court granted the International's motion for summary judgment and entered the decision as a final judgment. *See* Fed.R.Civ.P. 54(b). The employees appeal, and we affirm.

■ The exclusive representative of a bargaining unit owes a statutory duty to represent fairly all employees in the unit. *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967). The district court determined there was uncontroverted evidence the International was not a party to the collective bargaining agreement and that the agreement recognized only the employees' local union, Teamsters Local Number 610 (Local 610), as the employees' exclusive bargaining representative. The court thus concluded Local 610, rather than the International, was the employees' exclusive bargaining representative. For this reason, the court held there was no basis for imposing liability on the International premised on breach of a statutory duty of fair representation. *See Chavez v. United Food & Commercial Workers Int'l Union,* 779 F.2d 1353, 1356 (8th Cir.1985) (" '[E]xclusive representation is a necessary prerequisite to a statutory duty to represent fairly.' ") (quoting *Kuhn v. National Ass'n of Letter Carriers, Branch 5,* 528 F.2d 767, 770 (8th Cir.1976)); *see also Teamsters Local Union No. 30 v. Helms Express Inc.,* 591 F.2d 211, 217 (3d Cir.), *cert. denied,* 444 U.S. 837, 100 S.Ct. 74, 62 L.Ed.2d 48 (1979); *Sinyard v. Foote & Davies Div. of McCall Corp.,* 577 F.2d 943, 947–48 (5th Cir.1978).

On appeal, the employees do not quarrel with the district court's conclusion that the International is not their exclusive, statutory bargaining representative. Instead, they contend the International nevertheless assumed a duty of fair representation on their behalf "by reason of [the International representative's] appointment and participation on the * * * Committee." The employees' claim simply is one that the International's appointee on the Committee must demonstrate partisan support for the employees by voting in their favor regardless of the merits of the grievance presented to the Committee.

■ The district court held in response to this argument that the International could not be liable for the actions of its

**300**

appointee to the Committee because that individual was not functioning as a partisan representative of the employees. The court concluded members of the Committee acted essentially as arbitrators with neutral decision-making responsibilities, and thus, the International Committee member did not "ha[ve] a duty to deadlock the dispute so that it could be submitted to neutral arbitration." Clerk's Desig.R. at 162. *See Early v. Eastern Transfer*, 699 F.2d 552, 557, 559–60 (1st Cir.), *cert. denied*, 464 U.S. 824, 104 S.Ct. 93, 78 L.Ed.2d 100 (1983); *see also Grant v. Burlington Indus.*, 832 F.2d 76, 80–81 (7th Cir.1987); *Beckett v. Anchor Motor Freight*, 113 L.R.R.M. 2608, 2612–13 (S.D.Ohio 1982); *Difini v. Spector Freight Sys., Inc.*, 101 L.R.R.M. 3055, 3058 (E.D.N.Y.1979). We agree.

▮ An employee does not have an absolute right to arbitration of every grievance, *Vaca*, 386 U.S. at 191, 87 S.Ct. at 917, and even when a duty of fair representation exists, it is not breached merely by settling a grievance short of full arbitration, *id.* at 192, 87 S.Ct. at 917. Committees convened in accordance with the terms of a collective bargaining agreement grievance procedure are "a substitute for, and not simply a precursor of, arbitration." *Early*, 699 F.2d at 559. Members of these committees essentially function as arbitrators on an adjudicatory body, and consequently, they owe no "duty of partiality" to either the employer or its employees. *Id.* at 560. Rather, the committee members "must decide each case honestly and conscientiously on its merits." *Id.; see also Sine v. Local No. 992, Int'l Bhd. of Teamsters*, 730 F.2d 964, 966 (4th Cir.1984). Although the employees contend the district court's reliance on the Fourth Circuit's decision is misplaced because *Early* involved multi-employer and multi-union settlement committees, we believe the district court correctly applied those principles here.

We hold the International cannot be charged with a duty of fair representation requiring partiality in favor of the employees merely by fulfilling its function under the collective bargaining agreement to appoint a person to serve on a grievance committee. To adopt the employees' position would render futile this step in the parties agreed-to method for settling grievances and would require full-scale arbitration of every dispute because the Committee virtually always would be deadlocked. Action by the Committee in this case "is the parties' chosen instrument for the definitive settlement of grievances under the [collective bargaining agreement], [and] it is enforceable under [section] 301." *General Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519, 83 S.Ct. 789, 791, 9 L.Ed.2d 918 (1963).

We affirm the district court's decision granting summary judgment for the International. Each party shall bear its own costs of this appeal.