67 F.3d 295
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Patrick L. JONES; Stephen E. Midkiff; Bryon L. Affolter;
Dale R. Akers; Lewis D. Alexander; Denny J. Armstrong;
James K. Bailey; James H. Barker; Bruce A. Bias; Robert
L. Bird; Charles K. Blake, Jr.; Larnie Boddy, Jr.; Robert
C. Bokey; Thomas E. Bonham; Warren J. Breckenridge, Jr.;
Steven A. Breedlove; Glenn R. Briscoe; Curtis A. Brock;
Daniel C. Brogan; Dan W. Brogan; Leonard D. Brogan, Jr.;
Patrick M. Brown; Richard E. Brown; Jack L. Bryan; Kent
D. Burdette; Merita V. Burdette; John E. Bullard; Otis L.
Butler, Jr.; Jack L. Cartwright; Thurman A. Casto; Henry
B. Chaney, Jr.; Bobby J. Clark; Franklin K. Clark;
Matthews V. Cornell; William H. Crawford; Owens W.
Deweese, Jr.; Joseph A. Dolson; James R. Dye; Roger L.
Edwards; Robert J. Eggleton; Richard A. Ervin; Robert G.
Estes; Roderick E. Evans; Mattie S. Farmer; Michael L.
Finney; John W. Fisher; George W. Flood; John W. Fowler,
Jr.; Clarence H. Fox; Keith D. Freeman; Calvin L. Gandee;
Julius A. Gardner; Sandra G. Garrett; Timothy L. Garrett;
Buddy L. George; Larry J. Gillispie; Larry R. Gillispie,
Sr.; Thomas G. Grant; William R. Hager; Bobby V. Hall;
Stephen M. Hall; Bradley A. Hambrick; Richard A. Hammock,
II; Mason T. Hammons; Jackie L. Harris; Charles O.
Harrison; Richard L. Harrison; George W. Hartman, Jr.;
Mark A. Harvey; Michael L. Hays; John D. Haynes; Gary L.
Hicks; Richard L. Hilverding; Dennis G. Holloran; Leslie
H. Holstein, Jr.; Donald R. Huffman; Albert H. Hutchinson;
George G. Hypes; James M. Janey; Jimmie J. Jeffers;
Robert L. Jett; Terry Jividen; James H. Johnston, Jr.;
Carroll E. Jones; Oral E. Jones, Jr.; Timmy R. Jones;
Ricky R. Kayser; Michael L. Kelly; Gary W. Lacy; Paul H.
Lester; Jason L. Litton; Phillip R. Lucas; Joseph W.
Lude; Michael A. Lytle; Geraldine E. Mace; Timothy A.
Mace; Charles S. Marcum, Jr.; Keith Mathes; Larry
McAllister; Dwight C. McClure; Gary L. McClure; Carl E.
McCoy; R. Wayne McGlothlin; Darrell J. McMellon; Carl W.
Meadows, Jr.; Ivan D. Meadows; Franklin W. Melton; Terry
R. Menninger; Fred R. Milbee; Tonyia K. Miller; Jarrell
W. Mullins; Peggy Ann Mullins; Reba Murphy; Cleady D.
Myers; Thomas L. Nichols; Calvin R. Nida; Dennis L. Null;
Terry M. Oxley; Odie R. Parkins; Gene L. Pauley; Harold
W. Pauley; Stephen D. Paxson; James R. Payne; Joseph E.
Pickens, Jr.; Kevin L. Price; Randy E. Racer; Charles E.
Richards; Paul C. Roberts; Jerry L. Rose; Terry L. Rose;
Richard L. Ross; David R. Samples; Joey L. Selbe; David
A. Sergent; John C. Settle, Jr.; William E. Shafer; Dewey
W. Shaffer; Alan Siemiaczko; Bruce Sinclair; Donald C.
Smallwood; Hobert E. Smith; Reba J. Smith; Thomas W.
Smith; Rodney D. Smoot; David E. Snyder; Danny W.
Stowers; Howard K. Stowers; John B. Sweeney, Jr.; Glen F.
Taylor; Gregory E. Taylor; Walter G. Tenpenny; Marvin
Thaxton; Charles G. Thomas; William S. Thompson; Darrell
K. Torman; Leslie K. Torman; Gary E. Waldron; Jerry E.
White; Darrell M. Winter; Thomas J. Winter; Harold R.
Wright, II; Marvin D. Yoho; Billy M. Beckett; Charles D.
Bennett; Richard R. Burgess; Paul D. Coyner; Jeffrey
Cochran; Bret J. Day; William B. Dent; Randall L. Dodd;
Gary J. Ashworth; Joretta R. Gray; Andrew C. Johnson;
Michael Bush, Sr.; Truman W. King; Scott D. Delbart;
Billy R. Kirk; Rickey J. Lacy; Kip H. Leaptrot; Rex A.
Douglas; Frank J. Mayes; Calvin L. McCallister; George T.
Goodall, III; Clyde E. McQuain; Larry Pannell; Charles F.
Meadows; Wilson T. Mullins, Jr.; Paul L. Nelson; Thomas
A. Randolph; Timothy R. Saulton; Dewie Sloan; James E.
Smith; Thomas D. Riley; Ronnie L. Sowards; Marta S. Spry;
Ervin D. Shamblin; Richard D. Thompson; Howard L.
Williams; Dale Wolfinbarger; Christopher C. Wickline;
Marshal Peters; David Chancey; Larry Myer; James
Snodgrass, Plaintiffs-Appellants,
v.
UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INCORPORATED,
a New York corporation; Local Lodge 298 of District Lodge
20 of The International Association of Machinists and
Aerospace Workers, an unincorporated association; District
Lodge 20 of the Internal Association of Machinists and
Aerospace Workers, an unincorporated association;
International Association of Machinists and Aerospace
Workers, an unincorporated association, Defendants-Appellees.
 No. 94-1145.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 27, 1994.
Decided Sept. 25, 1995.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Dennis Raymond Knapp, Senior District Judge. (CA-92-607-2)
 ARGUED: Tony Lee O'Dell, LAW OFFICES OF ROBERT V. BERTHOLD, JR., Charleston, West Virginia, for Appellants. Roger Allen Wolfe, JACKSON & KELLY, Charleston, West Virginia, for Appellee Union Carbide; James Morrison Haviland, CRANDALL, PYLES & HAVILAND, Charleston, West Virginia, for Union Appellees. ON BRIEF: Robert V. Bertold, Jr., William M. Tiano, LAW OFFICES OF ROBERT V. BERTHOLD, JR., Charleston, West Virginia; S. Austin Caperton, Beckley, West Virginia, for Appellants.
 Grant Crandall, William D. Turner, CRANDALL, PYLES & HAVILAND, Charleston, West Virginia, for Union Appellees.
 Before ERVIN, Chief Judge, WILLIAMS, Circuit Judge, and CHASANOW, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants, two hundred and four (204) members of the Kanawha/ Ohio Valley Construction Group (KOV Group), former employees of Union Carbide Chemicals and Plastics Company, Inc. (Union Carbide), appeal the district court's dismissal of their claims against Union Carbide for breach of a collective bargaining agreement and against three Union defendants for breach of their respective duties of fair representation. For the reasons that follow, we find that Appellants' arguments lack merit and affirm the judgment of the district court.
 
 I.
 
 2
 In May, 1990, the KOV Group elected the International Association of Machinists and Aerospace Workers (International), its District Lodge 20 (District), and Local Lodge 298 (Local) to represent its members in negotiations with Union Carbide. As a result of these negotiations, the parties entered into a collective bargaining agreement to take effect on November 5, 1990 and continue through December 7, 1992. This agreement was executed by "duly authorized representatives" of Union Carbide and the Local.
 
 
 3
 After a series of lay-offs of members of the KOV Group, Union Carbide announced, in mid April 1992, its decision to close the KOV Group completely. On May 3, 1992, Union Carbide and the Local entered into an "Effects Agreement," providing severance benefits for non-laid-off members of the KOV Group and terminating the 1990 collective bargaining agreement effective June 30, 1992. The laid-off members of the KOV Group were not permitted to vote on whether to ratify this agreement.
 
 
 4
 On June 24, 1992, Appellants filed their original nine-count complaint in the United States District Court for the Southern District of West Virginia, alleging that (1) the Union defendants breached their duties of fair representation, (2) Union Carbide breached the 1990 collective bargaining agreement and violated the Worker Adjustment and Re-Training Notification Act, and (3) the Union defendants and Union Carbide were liable on numerous state law claims. (The Amended Complaints merely added Plaintiffs). By two orders dated January 6 and 7, 1994, the district court dismissed the claims for lack of subject matter jurisdiction and, alternatively, granted summary judgment in favor of Defendants on some of the claims against them. On appeal, Appellants contend that the district court had subject matter jurisdiction and that there was sufficient evidence to require a trial on the merits as to whether (1) Union Carbide breached the 1990 collective bargaining agreement and (2) the Union defendants breached their duties of fair representation to the members of the KOV Group. Appellants do not appeal the dismissal of the state law claims against either Union Carbide or the Union defendants or the claim that Union Carbide violated the Worker Adjustment and Re-Training Notification Act. We review the district court's entry of summary judgment and dismissal of the claims for lack of subject matter jurisdiction de novo. For the reasons that follow, we affirm.
 
 II.
 
 5
 Count II of the Amended Complaint is a claim for breach of contract. Appellants contend that Union Carbide awarded work to contractors separate and distinct from Appellants in violation of Article 1.3 of the 1990 collective bargaining agreement.[1] The Effects Agreement, as noted above, terminated the collective bargaining agreement. Appellants argue that the Effects Agreement is void, because it was entered into invalidly. Appellees, on the other hand, argue that the Effects Agreement is valid and controls the outcome of this case.
 
 
 6
 Appellants claim that the district court had subject matter jurisdiction to decide the breach of contract count pursuant to section 301(a) of the National Labor Relations Act (NLRA), now codified at 29 U.S.C. Sec. 185(a).[2] Section 301(a) expressly grants jurisdiction to federal courts to decide "[s]uits for violations of contracts." 29 U.S.C. Sec. 185(a). The pertinent language of section 301(a) excludes from federal court jurisdiction suits challenging the validity of collective bargaining agreements: "[A] plaintiff must allege breach of an existing collective bargaining contract in order to avail itself of jurisdiction under section 301 of the Act." A.T. Massey Coal Co. v. International Union, 799 F.2d 142, 146 (4th Cir.1986), cert. denied, 481 U.S. 1033 (1987). See also International Longshoremen's Ass'n v. Cataneo Inc., 990 F.2d 794, 800 n. 15 (4th Cir.1993) (reaffirming holding in A.T. Massey Coal Co.).
 
 
 7
 Other circuits interpreting section 301(a) as do we have refused to find jurisdiction on facts similar to those presented here. For example, in discussing a breach of contract claim based upon an agreement allegedly superseded by a supplemental document, the Sixth Circuit noted:
 
 
 8
 Any claim based on the terms of the apparently superseded 1984 Agreement clearly cannot be pursued unless and until the 1987 Agreement is invalidated. Because the district court lacked jurisdiction under Section 301(a) to invalidate the 1987 Agreement, we agree with the district court that it lacked jurisdiction over Heussner's claims based upon the 1984 Agreement. Heussner v. National Gypsum Co., 887 F.2d 672, 676 (6th Cir.1989). Accord Adcox v. Teledyne, Inc., 21 F.3d 1381 (6th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 193 (1994); Hernandez v. National Packing Co., 455 F.2d 1252 (1st Cir.1972). As in Heussner, in order to reach the question of whether Union Carbide breached the 1990 agreement, the district court would first have had to determine that the Effects Agreement was invalid. Given that the district court lacked subject matter jurisdiction to decide the validity of the Effects Agreement, the court also lacked the ability to consider any claim that the 1990 agreement had been breached.
 
 
 9
 Appellants' citation to numerous decisions by other circuits holding that federal courts do have subject matter jurisdiction to determine whether a collective bargaining agreement is valid cannot change our decision here given that this Court has previously spoken on the issue.[3] The district court's dismissal of Count II for lack of subject matter jurisdiction will be affirmed.
 
 III.
 
 10
 Count I of the Amended Complaint is a claim for breach of the duty of fair representation. Appellants contend that the Union defendants breached their respective duties of fair representation to the members of the KOV Group. Again, Appellants contend that the district court had subject matter jurisdiction over all Union defendants to decide this claim pursuant to section 301(a) of the NLRA. 29 U.S.C. Sec. 185(a).
 
 A.
 
 11
 In addition to limiting jurisdiction to claims for breaches of existing contracts, section 301(a) grants subject matter jurisdiction to federal courts only over alleged breaches of contracts "between an employer and a labor organization." 29 U.S.C. Sec. 185(a). The Fourth Circuit has interpreted this provision literally to require that claims be brought against contracting parties. Sine v. Local No. 992, 730 F.2d 964, 966 (4th Cir.1984). Cf. International Union v. Covenant Coal Corp., 977 F.2d 895, 897-99 (4th Cir.1992) (denying jurisdiction over claim for tortious interference with contract against nonsignatory to contract). In discussing a claim for breach of a union's duty of fair representation, this Court noted that
 
 
 12
 [s]ection 301 provides a cause of action for breach of a bargaining agreement. Consequently, suit may be brought only against the parties to the contract. The local, not the conference, was the contracting party. Where, as here, the local is designated as the exclusive bargaining agent responsible for representing employees in the prosecution of grievances, only the local can be held responsible.
 
 
 13
 Sine, 730 F.2d at 966. To determine who is a contracting party for section 301(a) purposes, a court considers who is a signatory to the agreement and who is the exclusive bargaining agent of the employees. Id.
 
 
 14
 In this case, Appellants' claim for breach of the duty of fair representation is derived from an alleged breach of the 1990 collective bargaining agreement. The signatory parties to that agreement were the Local and Union Carbide through their "duly authorized representatives." (J.A. 117.) In addition, Article 1.1 designated the Local as the "exclusive collective bargaining agent" of the employees. (J.A. 106.)
 
 
 15
 Appellants argue that the District, through the signature of David Persinger (Persinger), also was a signatory to the 1990 agreement, citing to testimony that Persinger was a business representative of and was paid by the District, not the Local. Appellants have not, however, demonstrated that Persinger signed the agreement as a representative of the District. Instead, along with seven other individuals, Persinger executed the agreement on behalf of "Local Lodge 298 of the International Association of Machinists and Aerospace Workers, AFL-CIO" as one of its "duly authorized representatives." (J.A. 117.) Given that Appellants have failed to demonstrate that Persinger was acting in his capacity as the District's agent when he signed the agreement, there is no evidence supporting Appellants' assertion that the District was a signatory to the collective bargaining agreement. Thus, the district court lacked subject matter jurisdiction to hear Appellants' claim against the District.
 
 B.
 
 16
 In asserting that the district court had jurisdiction over their claims against the International, Appellants principally rely on an exception to section 301's signatory requirement. Section 301(b) recognizes that labor organizations can be bound by the acts of their agents. 29 U.S.C. Sec. 185(b). To determine for whose acts the organization should be liable, "the question of whether the specific acts performed were actually authorized or subsequently ratified shall not be controlling." 29 U.S.C. Sec. 185(e). Instead, common-law principles of agency apply. Carbon Fuel Co. v. United Mine Workers of America, 444 U.S. 212, 216-17 (1979); Sine, 730 F.2d at 966. In order to establish section 301 jurisdiction under this statutory exception, Appellants must demonstrate that the breach was performed by an agent of the International and that "what was done was done by ... [its] agents in accordance with ... [its] fundamental agreement of association." Carbon Fuel Co., 444 U.S. at 217 (quoting Coronado Coal Co. v. Mine Workers, 268 U.S. 295, 304 (1925)).
 
 
 17
 To do so, Appellants attempt to establish that the International controlled the Local's actions. They state that: (i) the International authorized Persinger to deny members the right to vote, (ii) provisions of the International's constitution establish its authority over the Local, and (iii) the International ratified the Effects Agreement entered between the Local and Union Carbide. However, "the fact of the International's theoretical supremacy over the Local is [not] itself sufficient to subject the International to liability for the Local's affairs. Rather, International liability must be based on affirmative conduct undertaken by it." Borowiec v. Local No. 1570, 889 F.2d 23, 28 (1st Cir.1989). The record lacks sufficient evidence that the Local acted as an agent of the International sufficient to raise an issue as to whether the Local was, in this regard, anything other than, an autonomous entity separate and distinct from the International. Cf. International Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers v. United States, 275 F.2d 610 (4th Cir.) (discussing degree of control by International over details of Local's operation as sufficient to show Local not autonomous), cert. denied, 362 U.S. 975 (1960).
 
 
 18
 Appellants contend there is an additional exception to the general denial of section 301 jurisdiction over claims against nonsignatories if the defendant has a fiduciary duty to the plaintiff. This circuit has limited section 301 jurisdiction for non-signatories where a common law agency relationship exists to cases dealing with pension fund actions and attorney-client privilege disputes. The cases cited by the appellants in support of their contention are not so limited,[4] and this case does not fall within the exceptions we have recognized. Jackson v. Kimel, 992 F.2d 1318, 1325 n. 4 (4th Cir.1993); Covenant Coal Corp., 977 F.2d at 896-99. Thus, the district court's dismissal of the claim against the International for lack of subject matter jurisdiction is appropriate and will be affirmed.[5] C.
 
 
 19
 Appellants also allege that the Local breached the duty of fair representation it owed to its members by the terms of the 1990 collective bargaining agreement and Sec. 9(a) of the NLRA. 29 U.S.C. Sec. 159(a). Because the Local clearly was a signatory to the collective bargaining agreement and was the exclusive bargaining agent of the KOV Group, the district court had subject matter jurisdiction over this claim pursuant to section 301(a). Therefore, the merits of the claim will now be addressed.
 
 1.
 
 20
 By coupling their claim against the Local for breach of the duty of fair representation with an interrelated claim for breach of the 1990 collective bargaining agreement against Union Carbide, Appellants have pled a hybrid section 301/duty of fair representation claim. In order to prevail against either Union Carbide or the Local on their hybrid claim, Appellants must demonstrate that they could prevail on both causes of action against both parties. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71 (1976); Adcox, 21 F.3d at 1386. The Supreme Court has recognized that
 
 
 21
 [s]uch a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on Sec. 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. "Yet the two claims are inextricably interdependent. To prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union." ... The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.
 
 
 22
 DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 164-65 (1983) (citations and footnotes omitted).
 
 
 23
 For the reasons stated above, this Court has concluded that Appellants are barred from proceeding in federal court on their claim that Union Carbide breached the 1990 collective bargaining agreement. As such, given that the breach is an element of the hybrid claim that cannot be proven, this claim against the Local cannot survive summary judgment.
 
 2.
 
 24
 While they cannot succeed on their hybrid claim, Appellants potentially could still state a claim against the Local for breach of the duty of fair representation that is not dependent on a breach of the collective bargaining agreement.[6] In order to pursue an independent claim for breach of the duty of fair representation, Appellants have to demonstrate that the Local's actions were " 'arbitrary, discriminatory, or in bad faith.' " O'Neill, 499 U.S. at 67 (quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967)). Allegations of mere negligence will not suffice to meet this standard. United Steelworkers of America v. Rawson, 495 U.S. 362, 372-73 (1990); Amburgey v. Consolidation Coal Co., 923 F.2d 27, 29 (4th Cir.1991).
 
 
 25
 Appellants attempt to state an independent claim for breach of the duty of fair representation by contending that (i) the Local arbitrarily failed to investigate and process grievances, (ii) the Local discriminated against Appellants by denying them the right to vote on whether to ratify the Effects Agreement, and (iii) the Local acted in bad faith by failing to obtain legal representation for Appellants and lying as to whether a complaint had been filed with the National Labor Relations Board (NLRB) and whether Union officials had been contacted.
 
 
 26
 A court can find a union's actions arbitrary for purposes of a breach of the duty of fair representation "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' ... as to be irrational." O'Neill, 499 U.S. at 67 (citing Ford Motor Co. v. Huffman, 345 U.S. 330, 338 (1953)). The evidence presented does not indicate that the grievance committee's decision not to pursue various grievances was "so far outside a 'wide range of reasonableness' ... as to be irrational." Id. Appellants merely speculate that, because so many grievances were filed, more should have been pursued. This, however, is not evidence that the Local made arbitrary decisions regarding the pursuit of specific claims. In light of the deference given to unions handling these decisions and the lack of evidence on this issue, Appellants cannot prevail. Griffin v. International Union, 469 F.2d 181, 183 (4th Cir.1972).
 
 
 27
 Appellants further contend that the Local breached its duty of fair representation, as might be cognizable against the Local in this case under 28 U.S.C. Sec. 1337(a), when it discriminated against them by denying laid-off members their right to vote on whether to ratify the Effects Agreement. Appellants again belatedly invoke Sec. 411(a)(1) of the Labor-Management Reporting and Disclosure Act. In support of their position, Appellants cite to cases holding that, when unions give their members a right to vote on all issues, the unequal denial of those rights at a later date is discriminatory for purposes of a Sec. 411 claim.[7] However, the controlling law of the Fourth Circuit defining discrimination for purposes of a claim for breach of the duty of fair representation dictates that unions are to enforce their preestablished policies in a uniform fashion. Nellis v. Air Line Pilots Ass'n, 815 F.Supp. 1522, 1533 (E.D.Va.1993), aff'd, 15 F.3d 50 (4th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 56 (1994).
 
 
 28
 [W]hile a union is free to establish its internal policies on the basis of majority rule, the union is not free to ignore properly enacted and promulgated policies whenever such a course is convenient or beneficial to the majority of the union's membership. In other words, a union is bound to follow its official policies unless and until they are amended by means approved under the union's constitution.
 
 
 29
 Id. See also Walker v. Teamsters Local 71, 714 F.Supp. 178, 190-94 (W.D.N.C.1989), aff'd in part and rev'd in part, 930 F.2d 376 (4th Cir.), cert. denied, 502 U.S. 1004 (1991) (concluding failure to comply with a constitutional provision requiring a ratification vote is a breach of the duty of fair representation).
 
 
 30
 It must be remembered, moreover, that it was the International which, on April 15, 1991, adopted Official Circular 750, denying "indefinite laid off members" the right to "participate in any matters that have a direct effect on the collective bargaining agreement."[8] (J.A. 228.) The record reflects that the Local properly applied the preexisting official policy of the International by denying all laid-off members the right to vote on whether to ratify the Effects Agreement.
 
 
 31
 Furthermore, there is no evidence in the record supporting Appellants' contention that, by refusing to deviate from the preexisting official policy, the Local failed to represent the interests of the nonvoting laid-off members in its negotiation of the Effects Agreement. Instead, the record demonstrates that the union was in an extremely weak bargaining position given that Union Carbide had already decided to close the KOV Group. Despite the fact that Appellants are unsatisfied with the terms of the Effects Agreement, Appellants have failed to demonstrate the discrimination necessary to support their claim for breach of the duty of fair representation against the Local.
 
 
 32
 Finally, Appellants contend that the Local acted in bad faith when it failed to obtain legal representation for its members and lied about whether a complaint had been filed with the NLRB and whether Union representatives had been contacted. Appellants, however, fail to demonstrate the requisite nexus between these alleged falsehoods and any injury resulting therefrom. Anderson v. United Paperworkers Int'l Union, 641 F.2d 574, 580 n. 8 (8th Cir.1981); Self v. Drivers, Chauffeurs, Warehousemen & Helpers Local Union 61, 620 F.2d 439, 443 (4th Cir.1980); Deboles v. Trans World Airlines, Inc., 552 F.2d 1005, 1017 (3rd Cir.), cert. denied, 434 U.S. 837 (1977). Appellants' contention that they would have taken independent action to ensure such representation if they had known legal representation had not been obtained is insufficient to meet this burden. "Such speculative, post hoc reasoning does not suffice to demonstrate concrete injury caused by the misstatements absent supporting evidence in the record below." Deboles, 552 F.2d at 1018 n. 26. Since no such evidence has been presented, Appellants' claim must fail.
 
 CONCLUSION
 
 33
 For the reasons discussed above, the district court properly concluded that it lacked subject matter jurisdiction to decide Appellants' claim for breach of the 1990 collective bargaining agreement against Appellees and the claims against the International and the District for breach of their duties of fair representation. The district court also properly granted summary judgment as to Appellants' claim against the Local for breach of its duty of fair representation. Accordingly, on all counts appealed, the judgment of the district court is
 
 
 34
 AFFIRMED.
 
 
 
 [1]
 Article 1.3 states:
 The "work" to be assigned to the unit's employees is limited to the "work" awarded to the Company by its customers.
 
 
 [2]
 29 U.S.C. Sec. 185(a) states:
 Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
 
 
 [3]
 Kozera v. Westchester-Fairfield Chapter of Nat'l Elec. Contractors Ass'n, Inc., 909 F.2d 48, 52 (2d Cir.1990), cert. denied, 498 U.S. 1084 (1991); International Bhd. of Elec. Workers v. Sign-Craft, Inc., 864 F.2d 499, 501-02 (7th Cir.1988); Mack Trucks, Inc. v. International Union, 856 F.2d 579, 586-90 (3rd Cir.1988), cert. denied, 489 U.S. 1054 (1989); Rozay's Transfer v. Local Freight Drivers, 850 F.2d 1321, 1326 (9th Cir.1988), cert. denied, 490 U.S. 1030 (1989); McNally Pittsburg, Inc. v. International Ass'n of Bridge, Structural & Ornamental Iron Workers, 812 F.2d 615, 617-19 (10th Cir.1987); Board of Trustees v. Universal Enters., Inc., 751 F.2d 1177, 1184 (11th Cir.1985); United Steelworkers of America v. Rome Indus., Inc., 437 F.2d 881, 882-83 (5th Cir.1970)
 
 
 [4]
 Air Line Pilots Ass'n v. O'Neill, 499 U.S. 65 (1991); Loss v. Blankenship, 673 F.2d 942 (7th Cir.1982); Wilkes-Barre Publishing Co. v. Newspaper Guild, 647 F.2d 372 (3rd Cir.1981), cert. denied, 454 U.S. 1143 (1982); Nedd v. United Mine Workers, 556 F.2d 190 (3rd Cir.1977), cert. denied, 434 U.S. 1013 (1978); Nellis v. Air Line Pilots Ass'n, 144 F.R.D. 68 (E.D.Va.1992); Aguinaga v. John Morrell & Co., 112 F.R.D. 671 (D.Kan.1986); Plumbers' Pension Fund v. Niedrich, 701 F.Supp. 651, 655 (N.D.Ill.1988), aff'd, 891 F.2d 1297 (7th Cir.1989), cert. denied, 495 U.S. 930 (1990)
 
 
 [5]
 Appellants also contend that the district court had subject matter jurisdiction over their claim for breach of the duty of fair representation against the International pursuant to 29 U.S.C. Sec. 412 based upon the denial of Appellants' right to vote protected by 29 U.S.C. Sec. 411. Appellants, however, did not plead a cause of action based upon Sec. 411. At most, Appellants have used Sec. 411 to allege discrimination for their claim of breach of the duty of fair representation. Thus, since no cause of action based upon Sec. 411 has been pled, Sec. 412 cannot be an independent jurisdictional basis for Appellants' claims
 
 
 [6]
 Jurisdiction for independent claims of breaches of the duty of fair representation is founded not on section 301(a) of the NLRA, but on 28 U.S.C. Sec. 1337(a) as a cause of action "arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies...." 28 U.S.C. Sec. 1337(a). See Kunz v. United Food & Commercial Workers, 5 F.3d 1006, 1010 (6th Cir.1993) (finding Sec. 1337 jurisdiction over claim for breach of duty of fair representation). This is true even where the complaint fails to plead the specific jurisdictional provision, as long as the facts state a claim thereunder. Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985, 988 (4th Cir.), cert. denied, 498 U.S. 982 (1990). See also Beck v. Communications Workers of America, 776 F.2d 1187, 1204 n. 26 (4th Cir.1985) (discussing in context of 28 U.S.C. Sec. 1337), aff'd on reh'g, 800 F.2d 1280 (4th Cir.1986) (per curiam), aff'd, 487 U.S. 735 (1988), and cert. denied, 487 U.S. 904 (1988)
 
 
 [7]
 American Postal Workers Union, AFL-CIO, Headquarters Local 6885 v. American Postal Workers Union, AFL-CIO, 665 F.2d 1096 (D.C.Cir.1981); Alvey v. General Elec. Co., 622 F.2d 1279 (7th Cir.1980); Bunz v. Moving Picture Mach. Operators' Protective Union, 567 F.2d 1117 (D.C.Cir.1977)
 
 
 [8]
 Because, as stated earlier, Appellants cannot bring a section 301 claim against the nonsignatory International, no adjunct jurisdiction under 28 U.S.C. Sec. 1337(a) for breach of the duty of fair representation can be asserted. In any event, Appellants have failed to provide evidence in the record that Circular 750 was adopted for a discriminatory purpose or utilized in a discriminatory manner