Mark COBLE, Harold Hampton, Velma Jackson, Pernella Makins, and Donald Williams, Plaintiffs,

v.

HOWARD UNIVERSITY, Howard University Hospital, American Federation of State, County and Municipal Employees, AFL–CIO District Council 20, American Federation of State, County and Municipal Employees, AFL–CIO District Council 20, Local 2094, and American Federation of State, County, and Municipal Employees, AFL–CIO International, Defendants.

Civil Action No. 95–1368 SSH.

United States District Court, District of Columbia.

March 5, 1997.

Wanda R. Withers, Washington, DC, for plaintiffs.

Jeffrey M. Ford, Associate General Counsel, Washington, DC, for defendants.

## OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on a motion for summary judgment filed jointly by defendants American Federation of State,

County and Municipal Employees District Council 20 (the "Council") and Local 2094 (the "Local") (collectively, "AFSCME"), plaintiffs' opposition thereto, and defendants' reply, a motion to dismiss filed by American Federation of State, County and Municipal Employees (the "International"), plaintiffs' opposition thereto, and the International's reply, and a motion for summary judgment filed by Howard University and Howard University Hospital (collectively, "Howard"), and plaintiffs' opposition thereto. Upon consideration of the entire record, the Court grants defendants' motions. Although "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56," Fed.R.Civ.P. 52(a), the Court nonetheless sets forth briefly its analysis.

## Background

This action arises out of a labor dispute. The Local and Howard are parties to a collective bargaining agreement. *See* AFSCME's Mot. for Summ. J. EX. B. On January 28, 1995, Howard notified a number of employees that their positions were being abolished as part of a reduction-in-force. The positions of about 70 employees, including plaintiffs', were terminated. Thereafter, several class action grievances were filed to protest the University's actions. AFSCME and the University consolidated the grievances into a single proceeding that ultimately was submitted for final and binding arbitration in accordance with the collective bargaining agreement. AFSCME's Mot. for Summ. J. Ex. A (Decl. of Lawrence N. Anderson).

Plaintiffs filed the instant hybrid claim against their former employer (Count I) and union (Count II) alleging wrongful

discharge and a breach of the duty of fair representation.[1] A "hybrid" claim is one in which the employees have a claim both against the employer (for breach of the collective bargaining agreement, under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185) and the union (for breach of the duty of fair representation). *See DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 163–65, 103 S.Ct. 2281, 2289–91, 76 L.Ed.2d 476 (1983); *see also George v. Local Union No. 639*, 100 F.3d 1008, 1009 n. 1 (D.C.Cir.1996). In such a hybrid claim, "[t]o prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union." *DelCostello*, 462 U.S. at 165, 103 S.Ct. at 2291 (internal quotations omitted).

## Analysis

### I. *AFSCME's Motion for Summary Judgment*

In Count II of the complaint, plaintiffs contend that the union defendants breached the duty of fair representation.[2] Specifically, plaintiffs contend that AFSCME breached this duty by failing to file grievances, provide information to plaintiffs, and enforce the terms of the collective bargaining agreement.

AFSCME moves for summary judgment on the ground that plaintiffs have not established a breach of the duty of fair representation. Summary judgment may be granted against a non-moving party who "fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v.*

1. In pursuing their claims against the union, plaintiffs sue three distinct entities: AFSCME Local Union 2094, AFSCME Council 20, and AFSCME International.

2. Plaintiffs also contend in Count II that the union defendants deprived them of rights guaranteed by the National Labor Relations Act, *see* Compl. ¶¶ 34–36, using language that is largely borrowed from § 8 of that Act. *See* 29 U.S.C. § 158. The National Labor Relations Board has exclusive jurisdiction over such claims. 29 U.S.C. § 160(a); *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245, 79 S.Ct. 773, 780,

3 L.Ed.2d 775 (1959) ("[w]hen an activity is arguably subject to ... § 8 of the Act, the ... federal courts must defer to the exclusive competence of the National Labor Relations Board"); *Washington Serv. Contractors Coalition v. District of Columbia*, 54 F.3d 811, 815–16 (D.C.Cir.1995), cert. denied, —— U.S. ——, 116 S.Ct. 1015, 134 L.Ed.2d 96 (1996). Consequently, to the extent that plaintiffs' complaint alleges unfair labor practices that are separate from the alleged breach of fair representation, the Court is without jurisdiction to consider those claims.

**4**

*Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c).

■ A claim that a union has breached its duty of fair representation is evaluated to determine whether " 'a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.' " *Abrams v. Communications Workers of Am.,* 59 F.3d 1373, 1377 (D.C.Cir.1995) (quoting *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916–17, 17 L.Ed.2d 842 (1967)); *see also Air Line Pilots Ass'n, Int'l v. O'Neill,* 499 U.S. 65, 75–76, 111 S.Ct. 1127, 1134–35, 113 L.Ed.2d 51 (1991); *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976) ("To prevail against either the company or the Union, petitioners must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union. . . . The grievance processes cannot be expected to be error-free."); *Bellesfield v. RCA Communications, Inc.,* 675 F.Supp. 952, 955–56 (D.N.J.1987) ("[I]t is not enough for a member of the collective bargaining unit to show that the union committed a mistake in the prosecution of a grievance, nor is it sufficient to show negligence or poor judgment on the union's part.") (internal citations omitted). Plaintiffs have failed to demonstrate that AFSCHE was arbitrary, discriminatory, or acted in bad faith.

■ Plaintiffs contend that AFSCME acted in bad faith by not processing their grievances. As evidence, plaintiffs contend that the Official Grievance Form was not dated and signed, *see* Mem. of P. & A. in Opp'n to AFSCME's Mot. for Summ. J. Ex. A., and plaintiffs were not notified about the class action grievance, asked to authorize the Union to sign it on their behalf, or given notice of meetings or copies of written replies from management. Mem. of P. & A. in Opp'n to AFSCME's Mot. for Summ. J. and

Ex. B (affidavits of Donald Williams and Pernella Makins). These contentions, however, do not rebut defendants' contention that they processed the grievances. *See* AFSCME's Mot. for Summ. J. Ex. A (Decl. of Lawrence N. Anderson). Moreover, plaintiffs do not advance any law to support their contention that the alleged procedural flaws constitute a breach of the duty of fair representation. Conclusory allegations made in the complaint and in affidavits opposing a motion for summary judgment are insufficient to create a genuine issue of material fact. *See. e.g., Celex Group, Inc. v. Executive Gallery, Inc.,* 877 F.Supp. 1114, 1126 (N.D.Ill.1995). Thus, because plaintiffs have failed to demonstrate that AFSCME breached its duty of fair representation, the Court enters summary judgment for AFSCME.[3]

## II. *AFSCME International's Motion To Dismiss*

■ Plaintiffs allege that the International breached its duty of fair representation by failing to have the Local perform its duties under the contract. International unions are distinct legal entities and, absent an agency relationship, are not vicariously liable for the activities of their locals or members. *See. e.g., Carbon Fuel Co. v. United Mine Workers,* 444 U.S. 212, 100 S.Ct. 410, 62 L.Ed.2d 394 (1979); *American Fed'n of Gov't Employees v. Federal Labor Relations Auth.,* 835 F.2d 1458, 1462 (D.C.Cir.1987). Thus, plaintiffs have the burden of establishing that the International breached an independent duty of fair representation.

The International seeks dismissal of plaintiffs' claims against it on the ground that it had no such duty and consequently is not a proper party for a suit over the alleged breach of the collective bargaining agreement. "The complaint should not be dismissed unless plaintiffs can prove no set of facts in support of their claim which would

---

**3.** Absent evidence of a violation of the duty of fair representation, plaintiffs are bound by the result of arbitration. " '[W]here arbitration is so specified in the collective bargaining agreement, courts must respect this and accept the award as final and binding in the absence of procedural flaws indicating the possibility of a miscarriage

of justice.' " *Washington Hosp. Ctr. v. Service Employees Int'l Union Local 722,* 746 F.2d 1503, 1514–15 (D.C.Cir.1984) (quoting *Lewis v. Greyhound Lines–East,* 555 F.2d 1053, 1054 (D.C.Cir.), *cert. denied,* 434 U.S. 997, 98 S.Ct. 635, 54 L.Ed.2d 491 (1977)).

entitle them to relief. To that end, the complaint is construed liberally in the plaintiffs' favor, and we grant plaintiffs the benefit of all inferences that can be derived from the facts alleged. However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir. 1994) (citations omitted).

██ The duty of fair representation can arise from being the exclusive bargaining representative or a party to the collective bargaining agreement. *See Baker v. Newspaper & Graphic Communications Union*, 628 F.2d 156, 165 (D.C.Cir.1980). Here, the record is clear that AFSCME International was neither the exclusive bargaining representative, Compl. at 7, ¶ 24, nor a signatory to the collective bargaining agreement. Compl. at 5, ¶ 10.

Plaintiffs contend, however, that a duty of fair representation arose because the International was aware of the problem and agreed to "intercede and ensure that grievances on [plaintiffs'] behalf be filed."[4] Compl. at paragraphs 32 & 32. Plaintiffs thus contend that "[b]y failing to render such assistance, Defendant International supported and ratified the action of Defendant Council 20 [*sic*] and Local 2094's employee/officers." Mem. of P. & A. in Opp'n to Defendant AFSCME's [the International's] Mot. To Dismiss at 3.

██ The record does not support a finding that an agency relationship exists between the International and the Local. *See, e.g, Hall v. Printing & Graphic Arts Union*, 696 F.2d 494, 495 and 500 (7th Cir.1982)

(International's agreement to investigate and "attempt to get the situation corrected" did not constitute an assumption of Local's duty of fair representation), *overruled on other grounds, Storck v. International Bhd. of Teamsters, Local Union No. 600*, 712 F.2d 1194 (7th Cir.1983); *also Sine v. Local 992, Int'l Bhd. of Teamsters*, 730 F.2d 964, 966 (4th Cir.1984) ("Assistance furnished by an employee of the [International] in prosecuting the grievances ... did not constitute the [International] a party to the bargaining agreement amenable to suit under § 301. The lawyer simply assisted the local in the discharge of its duty of fair representation. His assistance did not create an agency relationship."). "[W]ithout evidence that [the International] instigated, supported, ratified or encouraged the Local's activities or that the Local acted pursuant to its agreement with the International, there [is] no agency relationship as a matter of law." *Moore v. Local Union 569 of the Int'l Bhd. of Elec. Workers*, 989 F.2d 1534, 1543 (9th Cir.1993), *cert. denied*, 510 U.S. 1117, 114 S.Ct. 1066, 127 L.Ed.2d 385 (1994). Consequently, the Court dismisses this action as against the International.

### III. *Howard's Motion for Summary Judgment*

██ In Count I of the complaint, plaintiffs allege that Howard violated the collective bargaining agreement. Because plaintiffs have not demonstrated a breach of the duty of fair representation by the union defendants, plaintiffs are not entitled to pursue their claim against Howard. *See Vaca*, 386 U.S. at 186, 87 S.Ct. at 914–15; *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1215 (9th Cir.1980). Plaintiffs must first exhaust the grievance procedures set out in the col-

---

**4.** Plaintiffs elaborate on this participation in their opposition to the International's motion to dismiss. Specifically, plaintiffs contend that:

Defendant Internationals [*sic*] employees/agents, ... along with Defendants Council 20 and Local 2094, participated in discussions and meetings [*sic*] made assurances to Plaintiffs concerning their terminations. [The employees] attended at least two (2) meetings and made representations to Plaintiffs that the International would assist Defendant Council 20 in seeking the relieve [*sic*] for Plaintiffs. They

were not merely present and did not merely fail to ensure that Defendant Local 2094 performed it [*sic*] duties. [They] were made aware of Defendants' Council 20 and Local 2094 inaction and they made representations that the International was investigating the matter and would assist Plaintiffs.... [One of these employees] had acted as an advisor to Defendant Council 20 and Local 2094.

Mem. of P. & A. in Opp'n to Def. AFSCME's [the International's] Mot. To Dismiss at 3.

**6**

lective bargaining agreement. *See Elkes v. B'nai B'rith Int'l,* 540 F.Supp. 98, 99–100 (D.D.C.1982), *aff'd sub nom Majewski v. B'Nai B'Rith Int'l,* 721 F.2d 823 (D.C.Cir. 1983). Consequently, the Court grants Howard's motion for summary judgment.

### Conclusion

Accordingly, the Court grants summary judgment to AFSCME, dismisses plaintiffs' claims against the International, and grants summary judgment to Howard. An appropriate Judgment accompanies this Opinion.

SO ORDERED.